### LEAP v. STATE OF INDIANA.

[No. 23,674.    Filed May 11, 1920.    Rehearing denied October 15, 1920.]

CRIMINAL LAW.—*Grand Larceny.*—*Vehicle Taking.*—*Intent.*—*Procedure.*—The felonious intent to deprive the owner of his property and convert the same to the use of the taker, which is an essential element in the crime of grand larceny, as defined by §2269 Burns 1914, Acts 1905 p. 584, is not a necessary element in the crime of vehicle taking, as defined by §1, Acts 1917 p. 174, §2301c Burns' Supp. 1918; and a prosecution for grand larceny for the theft of an automobile may be maintained, regardless of such later act.

From Marion Criminal Court (49,876); *James A. Collins,* Judge.

Prosecution by the State of Indiana against George Leap. From a judgment of conviction, the defendant appeals. *Affirmed.*

*J. Herbert Hartman* and *William H. Faust,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

LAIRY, J.—In the trial court appellant was charged by indictment with the crime of grand larceny. The property described in the indictment as the subject of the larceny was an automobile. A trial resulted in a verdict of guilty, on which the court passed judgment, imposing the penalty provided by the statute

defining grand larceny. This appeal is taken from the judgment so rendered.

In 1917 the legislature of this state passed an act entitled "An Act defining the crime of vehicle taking," and providing a penalty. Acts 1917 p. 174, §§2301c, 2301d Burns' Supp. 1918. Section 1 of this act provides that whoever unlawfully, without the consent of the owner, takes, hauls, drives, or carries away any vehicle, automobile, car, truck, cycle, aeroplane or airship, operated by electricity or steam or explosive power, or any accessory or appurtenance contained in, on, or forming a part thereof, of the value of twenty-five dollars or more, shall be guilty of the crime of vehicle taking, and on conviction shall be imprisoned in the state prison, not less than six months nor more than five years, and be disfranchised and rendered incapable of holding any office of trust for any determinate period.

In the trial court appellant took the position that, since the passage of the act cited, no person could be prosecuted for the larceny of an automobile under the provisions of §2269 Burns 1914, Acts 1905 p. 584, defining grand larceny and fixing the penalty, for the reason that the later statute has specifically provided a lesser punishment for the larceny of an automobile. He asserts that he must be prosecuted under the later act, and, if convicted, his punishment must be fixed in accordance with its terms.

The question was raised in the trial court by a motion in arrest of judgment and also by a motion to modify the judgment.

The position of appellant is untenable. The statute on which he relies does not define the crime of larceny of an automobile, or of any of the other vehi-

cles mentioned therein. The felonious intent to deprive the owner of his property and convert the same to the use of the taker is an essential element in the crime of larceny. *Robinson* v. *State* (1888), 113 Ind. 510, 16 N. E. 184. Such felonious intent is not a necessary element of the crime of vehicle taking, as defined by the later act.

The indictment was properly drawn under the provisions of §2269, *supra*, and the punishment provided in that section was properly imposed.

The court did not err in overruling appellant's motion in arrest of judgment, or in overruling his motion to modify the judgment as to the penalty imposed thereby.

From an examination of the record the court is satisfied that there was some evidence to sustain the verdict. The court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.