## GOW *v.* STATE OF INDIANA

[No. 28,207. Filed November 6, 1946.]

*Paul E. Reed* and *William J. Reed,* both of Knox, for appellant.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *Forrest W. Lacey, Jr.,* Deputy Attorney General, for the State.

YOUNG, J.—Joseph Mahler and appellant were neighbors, living on adjoining farms in Fulton County, Indiana, and both raised turkeys. By indictment appellant was charged with the larceny of 12 turkeys belonging to Mahler. He was tried and found guilty and fined

$50 and ordered imprisoned for a period of not less than one year nor more than ten. The prison sentence was suspended.

At the trial the prosecuting attorney made an opening argument after the evidence had been submitted, whereupon the defendant waived argument. The State then asked leave to make an additional argument and leave was granted over the objection of appellant. The Indiana statute, which provides the order of proceedings in the trial of criminal cases (§ 9-1805, Fourth, Burns' 1942 Replacement) stipulates that if, after the prosecuting attorney has made his opening argument, the defendant refuses to argue the case then the opening argument of the prosecuting attorney shall be the only argument allowed in the case. The second argument by the State after the defendant had refused to argue the case violated this statute, which appellant, when he waived argument, had a right to expect would be observed by the State and by the court. This situation falls within *Hamke* v. *State* (1920), 189 Ind. 533, 127 N. E. 407, wherein permission to the State to make a second argument after the defendant had waived argument was held to be reversible error. Appellee attempts to distinguish this case from the case before us on the ground that the Hamke case was a jury trial, whereas the case before us was tried by the court without a jury. The statute, however, upon its face negatives this distinction. Clause Fourth of § 9-1805 refers specifically to cases submitted to court or jury, so that the provisions for order and number of arguments apply alike to cases being tried before the court and cases being tried before a jury.

For error in permitting the State to make a second argument the case will be reversed. There will remain,

however, alleged error in overruling appellant's motion to quash the indictment and that question should be disposed of before remanding the case for retrial. The motion to quash is based upon the ground that the statute defining grand larceny, which appellant was charged with violating, is unconstitutional in that it does not require that the acts constituting the offense be done feloniously. The statute reads, "Whoever steals, takes, carries, leads, or drives away the personal goods of another . . . is guilty of grand larceny, . . ." The penalty prescribed is a fine of not more than $500, and imprisonment for not less than one year nor more than ten years and that the defendant be disfranchised and rendered incapable of holding any' office of trust or profit for any definite period. Appellant argues that this statute violates the provision of the Indiana Constitution which requires that all penalties shall be proportioned to the nature of the offense. Their thought is that the statute does not make felonious intent an ingredient of the offense and that the penalty prescribed is excessive for an offense not involving felonious intent. It is true that all criminal offenses in Indiana are statutory and that the present statute defining grand larceny does not use the word "feloniously."

However, the statute, in defining the offense, does say that whoever *"steals"* the personal goods of another worth more than $25 is guilty of grand larceny. The word "steals" connotes a felonious taking and carrying away. *Barnes* v. *State* (1894), 40 Neb. 545, 548, 59 N. W. 125; *Daugherty* v. *Thomas* (1913), 174 Mich. 371, 140 N. W. 615, 45 L. R. A. (N. S.) 699; *Gardner* v. *State* (1892), 55 N. J. L. 17, 26 A. 30, 44; *State* v. *Minnick* (1909), 54 Ore. 86, 102 P. 605, 607; *People* v. *Lopez* (1891), 90 Cal. 569, 27 P. 427; *State* v. *Blake* (1924), 95 W. Va. 467, 121 S.

E. 488; see also other cases cited in 40 Words and Phrases, Perm. Ed., pp. 121-125.

In *Daugherty v. Thomas, supra,* the court said:

> "The word 'stolen' can have but one meaning when used in connection with personal property, as in this case. To steal is to commit larceny. The word 'steal' has a uniform signification when used in connection with personal property, and in common, as well as legal, parlance means, the felonious taking and carrying away of the personal goods of another."

It follows, we think, that this statute which defines larceny as "stealing" includes felonious intent as an essential element. Therefore, appellant's point fails.

We have considered that the statute states in the disjunctive not only stealing, but taking, carrying, driving *or* leading away as constituting grand larceny. These latter acts may not necessarily involve felonious intent and therefore it may be argued that there may be acts within the strict wording of the statute as to which the punishment would be disproportionate, but the words in the statute in addition to "steal" are surplusage. "Stealing" at common law includes "taking" and "carrying away," and "driving" or "leading" are only forms of "taking" and "carrying away" and add nothing. If the time should come when the statute is applied to a non-felonious taking there would then be time enough to challenge the statute in its application to that situation.

Other errors claimed by appellant may not arise upon a retrial and, therefore, it is not necessary to consider them.

The judgment is reversed, with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 69 N. E. (2d) 175.