## KIRK *v.* STATE OF INDIANA.

[No. 769S173. Filed April 24, 1970. Rehearing denied June 4, 1970.]

*Alexis T. Cholis,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General and *William F. Thompson,* Deputy Attorney General, for appellee.

HUNTER, C. J.—Appellant was charged by affidavit with robbery by putting in fear. On trial before a jury, appellant was convicted of the included offense of theft from the person and was thereupon sentenced to the Indiana Reformatory for a period of not less than one year nor more than ten years and fined in the sum of five thousand dollars and costs.

On this appeal appellant raises only the question of whether the evidence is sufficient to sustain the jury's verdict. In the memorandum accompanying his motion for new trial, appellant asserts that there was insufficient evidence to establish his identity as the perpetrator of the crime.

Looking to the evidence most favorable to the state we note the following facts: on March 12, 1968, one Jerry Miller was working as a gas station attendant for the Liberty Petroleum Company on McKinley Highway in Mishawaka, Indiana. At about 1:30 A.M. he was just finishing mopping the office floor when a man, later identified as appellant, came into the service station office and said that it was a "stick-up". Initially, Miller thought appellant was "kidding" but upon being reassured by appellant that it was no joke, he handed appellant approximately ninety ($90) dollars in bills and change. As soon as the appellant left the station Miller went to the telephone to call the police. The appellant, however, apparently heard Miller, because he re-entered the service station and pulled the receiver wires out of the telephone. When leaving for the second time, appellant told Miller to give him five minutes or, in appellant's words, "I'll blast you."

Miller testified that appellant was in his presence for approximately five or six minutes and that the service station office was adequately lit so that appellant's features were readily discernible. To corroborate Miller's testimony as to the identity of appellant was that of one Carol Boyd who testified that appellant and a friend stopped at her house on the evening of March 12 and asked if there had been any policemen looking for them, and if she had a gun. Both men had been

drinking heavily and at one point she overheard appellant make a statement that he had gotten money from the Liberty Service Station; she indicated that he was "more or less bragging about it."

Appellant, in his brief, does a noteworthy job of attempting to impeach the credibility of both Miller and Boyd. However, as this court has said on numerous occasions we will not weigh the evidence nor determine the credibility of the witnesses. *Leaver* v. *State* (1968), 250 Ind. 523, 237 N. E. 2d 368; *Stock* v. *State* (1966), 247 Ind. 532, 219, N E. 2d 809. There is clearly evidence in this case of probative value from which a jury could find that appellant was indeed the man that robbed the service station.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, DeBruler and Givan, JJ., Concur.

Jackson, J., Dissents.

NOTE—Reported in 257 N. E. 2d 304.