## TIBBS *v.* STATE OF INDIANA.

[No. 2705S24. Filed November 30, 1970. Rehearing denied February 17, 1971.]

Palmer K. Ward, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert A. Zaban, Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by an indictment in two counts with the crimes of Robbery and Inflicting an Injury While in Commission of a Robbery, said indictment reading in pertinent part as follows:

"The Grand Jury for the County of Marion in the State Indiana, upon their oath do present that FRENCH CHESTER TIBBS on or about the 21st day of JUNE, A.D. 1969, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting MARSHALL E. RANDLE in fear, take from the person and possession of the said MARSHALL E. RANDLE, a watch then and there of the value of Twelve and 00/100 ($12.00) Dollars which watch the said MARSHALL E. RANDLE then and there lawfully held in his possession and was then and there the property of the said MARSHALL E. RANDLE, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana. COUNT TWO:

The Grand Jurors aforesaid, upon their oaths as aforesaid, do further say and charge that the said FRENCH CHESTER TIBBS on or about the 21st day of JUNE, A.D. 1969, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting MARSHALL E. RANDLE in fear, take from the person and possession of the said MARSHALL E. RANDLE, a watch then and there of the value of Twelve and 00/100 ($12.00) Dollars which watch the said MARSHALL E. RANDLE then and there lawfully held in his possession and was then and there the property of the said MARSHALL E. RANDLE, and the said FRENCH CHESTER TIBBS while engaged in committing the robbery aforesaid, did then and there unlawfully and feloniously inflict a physical injury, to-wit: wounds and injuries on and about the arm and body of the said MAR-

SHALL E. RANDLE with a knife then and there held in the hands of the said FRENCH CHESTER TIBBS then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On October 16, 1969, appellant waived arraignment and entered a plea of not guilty to the crimes as charged. The trial of this cause commenced on November 7, 1969; said cause was tried to the court without the intervention of a jury. On the same day the court found appellant guilty as charged on each count of the indictment and ordered a Pre-Commitment Investigation Report to be filed. On November 21, 1969, the court sentenced appellant to the Indiana State Reformatory for life.

Appellant filed his motion for new trial on November 21, 1969, said motion attacking the finding of the court as not sustained by sufficient evidence and contrary to law. Appellant's motion for new trial was overruled the same day.

Appellant's Assignment of Errors on appeal are as follows:

"1. That the trial Court erred in granting (sic) the Motion for Discharge at the close of the State's evidence.

2. That the Court erred in overruling the Motion for New Trial filed on behalf of appellant."

Appellant contends that there was absoluately no evidence of probative value presented to the trial court to prove that he was guilty of the crimes charged beyond a reasonable doubt, and, therefore, his conviction should be reversed. In reviewing the allegation of insufficient evidence, this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court, *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E.

2d 89. The conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

The facts presented to the trial court in the case at bar are as follows: At 10:40 p.m. and June 21, 1969, the appellant and Marshall E. Randle were present at a party in the 1200 block of 29th Street in the City of Indianapolis. While they were outdoors, the appellant asked Randle what time it was, and when Randle looked at his watch, the appellant attempted to take the watch off Randle's wrist. Randle resisted and then walked away. As he did so, he was hit in the head with a beer bottle. Then he was pushed into some bushes by the appellant and approximately five other persons, sustained a cut on his arm, and his watch was taken forcibly.

The statute under which the appellant was charged and convicted is Burns Ann. Stat. § 10-4101 (1956 Repl.), which reads in pertinent part as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery * * *. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stilleto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

The elements of the crime of robbery are, therefore: (1) an unlawful taking, (2) from the person of another, (3) of any article of value, (4) by violence or putting in fear. The essential elements of the crime of inflicting an injury while in the commission of a robbery are as follows: (1) the inflicting of any wound or physical injury, (2) upon any person, (3) with a firearm, dirk, stilleto, bludgeon, billy,

club, blackjack, or any other deadly or dangerous weapon or instrument, (4) while engaged in the commission of, or while attempting to commit, a robbery.

In order for the appellant's conviction to be sustained, it is necessary that the record show that the State proved each of the elements listed above. We feel the State has failed to adequately discharge its burden of proof in the case at bar with respect to Count Two of the indictment.

On page 6 of its brief, the State contends that "* * * no matter what instrumentality was used to inflict the cut which required several stitches on Randle's arm * * *, it would have been a deadly or dangerous weapon or instrument within the ambit of Burns (1956 Repl.) § 10-4101, *supra*, by virtue of the way in which it was employed." Solely by means of such a contention the State is attempting to prove a material element of the crime charged where, in fact, the record before this Court is absolutely barren of any evidence which would in any manner support such proof. In other words, there is no evidence whatsoever to prove that the physical injuries suffered by the complainant, Marshall Randle, were inflicted by "*a knife* then and there held in the hands of the said FRENCH CHESTER TIBBS," (emphasis supplied) as charged in Court Two of the indictment. In fact, there is no evidence apparent in the record which would show exactly what did cause the complainant's injuries. No mention of a knife was made by any witness called before the court at the trial of this cause. Since this case rests entirely upon circumstantial evidence, would it not be entirely reasonable to infer from the facts as presented that the injuries to complainant's arm were, in fact, caused by the beer bottle thrown by an unknown party, the bushes into which he was pushed, a sharp object on the ground, his watchband, or numerous other potential causes?

The State contends that when the beer bottle struck Randle's head it shattered, and that a fragment from said bottle must

have cut his arm. But such a contention is nothing more than a mere guess or conjecture, and this Court has held on numerous occasions that if the evidence merely tends to establish a suspicion of guilt it is not sufficient to sustain a conviction. *Crawford* v. *State* (1968), 251 Ind. 437, 241 N. E. 2d 795; *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

To pursue the State's argument further, on page 6 of its brief it makes the following statements: "There is no doubt that Randle was hit on the head by a beer bottle * * *. It is reasonable to assume that an injury was the result of this act. The beer bottle burst * * *. It is reasonable to assume that when Randle was cut on his arm * * * the instrumentality was the broken beer bottle." While this Court has stated that it will look to only that evidence most favorable to the State and all the reasonable inferences which may be drawn therefrom whenever the question of the sufficiency of the evidence is raised as an issue on appeal, *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514; *Croney* v. *State* (1969), 252 Ind. 319, 247 N. E. 2d 501; this general rule does *not* mean that the State may be permitted to prove its case by resorting to nothing more than a process of formulating "reasonable" assumptions from proof wholly absent from the record. In *Baker* v. *State, supra,* this Court stated that:

"* * * there must be substantial evidence of probative value before we can decide an accused has been proved guilty beyond a reasonable doubt. This last rule places the evidence before the court on appeal * * * for the purpose of deciding, as a question of law, whether or not there is substantive evidence in support of the required material facts essential to a conviction. It is not enough to sustain a conviction that the evidence, when given full faith and credit, may warrant a suspicion or amount to a scintilla * * *. We use the word 'substantial' as meaning more than 'seeming or imaginary.' "

Certainly, the State's case here, with respect to whether or not the injuries inflicted upon Randle's arm were made by means of a knife wielded by the appellant, amounts to less than a mere scintilla of evidence. The testimony of Marshall Randle on direct examination is significant:

"Q. Do you know what your arm was cut with?
A. No, sir."

The appellant, age 20 at the time he was sentenced, was charged, convicted, and sentenced to life imprisonment in the penal institutions of this state on evidence that was shockingly meager, totally insufficient, and wholly inconclusive with respect to his guilt for the crime of Inflicting an Injury While in Commission of a Robbery. For this reason, his conviction on County Two of the indictment must be reversed.

We feel, however, that the evidence presented to the trial court was sufficient to sustain appellant's conviction on Count One of the indictment. There can be no doubt that an article of value was unlawfully taken from the complainant by violence or putting in fear. Marshall Randle testified that the appellant made an attempt to take his watch and, shortly thereafter, did, in fact, push him (Randle) into some nearby bushes. When Randle emerged from the bushes his watch was missing.

It is immaterial that Randle could not identify specifically the individual who hit him in the head with the beer bottle and later removed his watch from his wrist. It is the law in Indiana that an accessory to a crime may be charged and convicted as if he were the principal wrongdoer. Burns Ann. Stat. § 9-102 reads as follows:

"Accessory before the fact.—Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is

charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal. [Acts 1905, ch. 169, § 224, p. 584.]"

We feel the evidence in the case at bar was sufficient to enable the trier of fact to conclude beyond a reasonable doubt that the appellant was guilty of the crime of Robbery in light of the aforementioned statute.

Accordingly, the judgment of the trial court with respect to Count One of the indictment (Robbery) is affirmed, and the judgment with respect to Count Two (Inflicting an Injury While in Commission of a Robbery) is hereby reversed, and this cause is remanded to the trial court with instructions to properly sentence the appellant under the applicable statute charging Robbery (Burns Ann. Stat. § 10-4101), thus allowing him due credit for the time already served.

Hunter, C.J., Arterburn, Givan and DeBruler, JJ., concur.

NOTE.—Reported in 263 N. E. 2d 728.