WILLIAM THOMAS *v.* STATE OF INDIANA.

[No. 370S63.  Filed April 21, 1971.  Rehearing denied June 7, 1971.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal of a criminal conviction.

Appellant was charged by grand jury indictment with the crime of second degree murder and with a violation of the 1935 Firearms Act, Ind. Ann. Stat. § 10-4701 *et seq.* (1956 Repl.)

After a trial by jury he was adjudged guilty of manslaughter, which finding is not challenged here, and of carrying a concealed weapon under such circumstances as to violate the 1935 Firearms Act.

It is the latter holding that is challenged on appeal by way of assertion of certain portions of the amended motion for new trial and the assignment of errors.

Specifically it is contended that there was, as a matter of law, a lack of sufficient evidence to establish material elements of the offense—to wit, that appellant had in his possession a pistol as that term is defined by the act and that he did not have a license to carry a pistol.

We begin by noting that Ind. Ann. Stat. § 10-4736 provides:

"No person shall carry a pistol in any vehicle or on or about his person, except in his place of abode or fixed place of business, without a license therefore as hereinafter provided."

Appellant, although not admitting the truth in fact thereof, concedes that there exists sufficient evidence to establish in law that

(1) he was carrying something

(2) on or about his person

(3) in a place not his home or fixed place of business.

The elements contended to be lacking are a showing that he carried a "pistol" as defined in the act and that he did not have a license to carry a pistol.

Ind. Ann. Stat. § 10-4734 (1956 Repl.) defines pistol as

". . . any firearm with barrel less than twelve [12] inches in length".

Ind. Ann. Stat. § 10-4734 (1956 Repl.) provides the procedural method for securing a license.

Before we may judge the credence of appellant's contentions we must examine the evidence. In doing so we consider only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. *Sampson* v. *State* (1969), 250 Ind. 625, 237 N. E. 2d 254. We will not weigh the evidence or judge the credibility of witnesses. *Kirk* v. *State* (1970), 254 Ind. 54, 257 N. E. 2d 304. We must sustain the conviction if there is any evidence of probative value to support the facts essential to it. *Powell* v. *State* (1970), 254 Ind. 201, 258 N. E. 2d 633.

The evidence most favorable to the state reveals that a handgun was introduced at trial. It was identified as strongly resembling the one appellant had on the night of the alleged crime. Also introduced was a photograph of the weapon as it was found. It lay in a recess in the top of a stereo console. The top to the unit which opened up and away from one standing in front of it is shown in the up position in the photograph. In the front right hand corner of the well containing the unit's controls the gun is clearly visible. The handle of the firearm faces the camera and the barrel is pointing away from it. The gun is lying diagonally in the corner of the stereo unit.

An objection was made to the introduction of the pistol on the basis that it had not been properly identified but the objec-

tion was overruled. Appellant notes in his brief that he elects not to assert this objection here.

There was no objection to the introduction of the photograph. As to this exhibit appellant now insists that it inaccurately portrays the scene it purports to depict. But, his failure to object at trial waived any error which may have occurred with regard to its introduction. *Hutton* v. *State* (1965), 246 Ind. 589, 207 N. E. 2d 816; *Denson* v. *State* (1960), 240 Ind. 324, 163 N. E. 2d 749; *White* v. *State* (1955), 234 Ind. 193, 125 N. E. 2d 442.

Even without the photograph which we find upon review could have as a matter of law supported an inference that the handgun had a barrel less than twelve inches in length, there existed sufficient evidence to support the conviction.

The court and jury had before it a weapon identified as being "like" that appellant had had. Appellant raised the issue of the length of the barrel in his amended motion for new trial. He does not suggest that in denying that motion that the trial court did not examine the exhibit submitted into evidence. Presuming therefore that the court did address itself to the physical characteristics of the gun and that the jury did likewise, the conviction must be sustained. A court and jury may learn through viewing an exhibit what they might have learned through listening to testimony describing it. *Hawkins* v. *State* (1941), 219 Ind. 116, 37 N. E. 2d 79.

Turning again to the evidence, this time with regard to the question of whether appellant possessed a license, we note that the Indiana State Police Gun Licensing Supervisor testified for the state. In summary, he stated that the license records for the state are kept in his department in the regular course of business, that he had searched the records for a license issued to a twenty-six (26) year old negro male named William Thomas or Sonny Thomas and that he found no record of such a document.

Appellant would have us hold that since it is the superin-

tendent of State Police who is authorized by statute to issue such permits (see Ind. Ann. Stat. § 10-4738 [1956 Repl.]), it was insufficient to have any other witness testify as to the non-issuance. We do not find this persuasive and reject such analysis. Similar delegations of authority have been made to other heads of governmental departments and to hold that in each such case those individuals may not act through subordinates but must themselves attest to every routine detail of performance would be to overtax credulity. Appellant's citation of *Matthews* v. *State* (1958), 237 Ind. 677, 148 N. E. 2d 334 to support his proposition is in error. We read this case to deal with the delegation of administrative power to the Superintendent and not with the alleged fact that he must personally see to the details of each application. As brought out in cross examination by appellant there are seventy thousand applications each year. Quite obviously neither this court nor the legislature expects the superintendent's individualized attention to each one.

Appellant raises the allegation that the record search is void on its face in that there is no evidence that he was approximately twenty-six or that he is negro. However there is testimony that established appellant's approximate age and race.*

For all the foregoing reasons we find appellant's conviction must be affirmed.

Conviction affirmed.

---

* Witness Doyle, a police officer, testified as follows:

"Q. And after you arrived what, if anything, did you do?

A. Officers Larkins and Miller were attempting to give the victim first aid. I asked Officer Myers, who arrived approximately a minute previous to myself, if he had any information on such. He stated he did not. At that time I talked to Wayland Coe and to Shirley Roberts who made the initial report to Headquarters as to what had occurred. They knew who had shot the man. They gave me a name and a description, they gave me the name of Sonny.

Q. How did you get that information, Lieutenant, if you recall?

A. I got that verbally from Mr. Coe. He gave me the description of a colored male, twenty-five to twenty-six, stocky build, wearing a green jacket, dark trousers, medium complexion."

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 609.