ERNEST JOHNSON v. STATE OF INDIANA.

[No. 571S140. Filed February 22, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Ernest Johnson from a judgment in the Marion Criminal Court, Division Two, convicting him of the crime of Theft in the Sum of Less Than One Hundred Dollars ($100). The cause was tried, without a jury, on February 16, 1971, before the Honorable Saul I. Rabb. Upon conviction, appellant was sentenced to the Indiana State Farm for a term of six (6) months. Appellant's Motion to Correct Errors was overruled, and this appeal followed.

Appellant's sole assignment of error is that the evidence is insufficient to sustain the conviction. More specifically, appellant contends that there is no evidence of probative value upon which an inference could be made that the appellant did, in fact, exercise unauthorized control over the property of another.

The indictment charging appellant with the commission of the crime of theft reads, in part, as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that EARNEST JOHNSON on or about the 25th day of MAY, A.D. 1970, at and in the County of Marion and in the State of Indiana, committed the crime of theft in that he knowingly, unlawfully and feloniously obtained and exerted unauthorized control over property of DAVID STOUDER, to-wit: One (1) Lear Jet Tape Player, of the value of Two Hundred and 00/100 ($200.00) Dollars, intending to deprive said DAVID STOUDER permanently of the use and benefit of said property. . . ."

In determining whether the evidence is sufficient to sustain the conviction, this Court will not weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Valentine* v. *State* (1971), 257 Ind. 197, 273 N. E. 2d 543; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N. E. 2d 728.

The evidence most favorable to the State, as revealed by the record, is a follows: On May 25, 1970, one David Stouder drove his automobile to a Gulf Oil service station located at the intersection of Highway 421 and Sixty-second Street in Indianapolis, Indiana. Stouder parked his automobile on the station lot, locking both doors. Stouder, whose car was in need of repair, left his car at the station, and drove with another person to a garage to buy parts for his automobile. A short time later, Ernest Johnson, appellant, drove his automobile into the station and parked it next to Stouder's car. Johnson then got out of his car and went into the station. Once inside, Johnson inquired about the owner of the car parked next to his, referring to Stouder's automobile. Johnson

stated that he didn't want to purchase the car, but that he thought it had a nice "tape player" in it. Before returning to his car appellant further stated that he was "going to get that m----r f----r," referring to the tape deck. Johnson had borrowed some tools from the service station and he began working on his automobile. Some of Johnson's friends also drove into the station and talked with him while he worked. Although little attention was paid to appellant, two witnesses who testified at trial observed Johnson raising himself from a crouched position at the side of Stouder's automobile. One witness observed Johnson when he was inside of Stouder's car which had previously been locked. Appellant was seen carrying a "shiny object" which was about the size of a tape deck. Appellant returned to his car with the object, and immediately drove away from the station with his friends following. One Robert Pruitt, who had observed Johnson's actions, immediately walked to Stouder's automobile, which was now locked, and saw that the tape deck had been removed. Pruitt then telephoned the police to report the theft.

Arthur Richardson, a Marion County Deputy Sheriff, answered the theft report, and Richardson arrested the appellant approximately forty minutes after the alleged theft occurred. Although appellant's automobile was searched, the police were unable to find the tape deck.

Appellant concedes that the evidence is sufficient to support the finding that Stouder's tape deck was stolen while his automobile was parked on the station lot. However, it is argued that since the tape deck was never found in Johnson's possession, and the only testimony relating to his possession failed to identify the object carried from Stouder's automobile, the trial court erred in concluding that the appellant committed the theft.

There is no merit to this contention. Johnson was observed shutting the door to Stouder's automobile which had previ-

ously been locked. He was then observed carrying an ██ object about the size of a tape deck to his automobile.

The only item reported stolen from the automobile was the tape deck. Johnson had only a short time before expressed his interest in the tape deck. It was certainly not unreasonable for the trier of fact to infer that the object observed in appellant's possession at the service station was, in fact, Stouder's tape deck. It is true that at the time of his arrest, the tape deck was not found in his possession. However, this is a fact which goes only to the weight of the evidence. Approximately forty minutes elapsed from the time Johnson left the service station until the time of his arrest. It was certainly not unreasonable for the trier of facts to infer that appellant had exercised this opportunity to dispose of the tape deck.

For all the foregoing reasons, this Court holds that the evidence, as disclosed by the record, is sufficient to sustain the conviction for the crime of theft. Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 566.