MARCE O. STEWART, JR. *v*. STATE OF INDIANA.

[No. 671S169. Filed March 2, 1972.]

*Francis E. Knowles,* of Mt. Vernon, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Marce O. Stewart from a judgment in the Posey Circuit Court convicting him of theft. The cause was tried without a jury before the Honorable Steve C. Bach, Judge, on January 29, 1971. Upon conviction, appellant was sentenced to the Indiana Youth Center for a term of not less than one (1) year nor more than five (5) years.

The sole issue presented on this appeal is whether the evidence is sufficient to sustain a conviction for the crime of

theft as defined by IC 1971, 35-17-5-3, (Ind. Ann. Stat. § 10-3030 [1970 Supp.]).

The affidavit charging appellant with the crime of theft, omitting the caption, reads as follows:

"John R. Essary being first duly sworn upon his oath says: That Marce O. Stewart, Jr. at said County of Posey, State of Indiana, on or about the 23rd day of December, 1970, did then and there commit the crime of theft under one hundred dollars in that he knowingly, unlawfully and feloniously obtained control over stolen property of the owner knowing the property to have been stolen by another, wherever the theft may have occurred, to-wit: one pair of roller skates of the value of approximately $16.35 at 918 East Third Street, Mt. Vernon, County of Posey, State of Indiana, intending to deprive the owner permanently of the use or benefit of said property . . . contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

The theft statute, IC 1971, 35-17-5-3, (Ind. Ann. Stat. § 10-3030 [1970 Supp.]), provides, in part:

"A person commits theft when he (1) knowingly: . . . (d) obtains control over stolen property knowing the property to have been stolen by another, wherever the theft may have occurred; . . . and (2) either:
(a) intends to deprive the owner permanently of the use or benefit of the property; or
(b) uses, conceals or abandons the property in such manner as knowingly to deprive the owner permanently of such use or benefit; or
(c) uses, conceals or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit."

In determining whether the evidence is sufficient to sustain the conviction, this Court will not weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. If there is substantial evidence of probative value

sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Valentine* v. *State* (1971), 257 Ind. 197, 273 N. E. 2d 543; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N. E. 2d 728.

The evidence most favorable to the State, as disclosed by the record, is as follows: On the evening of December 26, 1970, in the city of Mt. Vernon, Indiana, the Assistant Chief of Police, John Essary, arrested the appellant for failing to stop his automobile at a stop sign. On the floorboard of the back seat of appellant's automobile, Essary found, among other things, a pair of roller skates which belonged to the Mt. Vernon Skating Rink and a package containing approximately eight hundred (800) firecrackers. In addition to the moving violation, appellant was charged with illegal possession of firecrackers.

Appellant was advised of his constitutional rights on the evening of his arrest, but he declined to make a written statement to the police until December 28, 1970, some two days later. Until the time he made the written statement, appellant had contended that the skates had been placed in the automobile by another person, and he had insisted that he had no knowledge that they were stolen property. However, in his statement to the police, appellant disclosed that one Bob Price had placed the roller skates in the automobile, and he further stated that Price had told him that he had stolen nine pairs of roller skates from the skating rink. Appellant made it clear in his statement that he did not have first hand knowledge as to whether Price actually stole the skates. However, the statement is sufficient to sustain the conviction if the facts stated therein are true.

The elements of the crime appellant is charged with are: (1) knowingly obtaining control, (2) over stolen property, (3) knowing the property to have been stolen by another, (4) either with intent to deprive the owner permanently of the use and benefit of the property, or using, concealing or aban-

doning the property in such manner as knowingly to deprive the owner permanently of such use or benefit. See, *Miller* v. *State* (1968), 250 Ind. 338, 236 N. E. 2d 173.

One of the elements of the crime is that the property received must have been stolen. The State did not attempt to prove that Bob Price had stolen the skates. In fact, John Essary, the police officer who investigated this entire matter, testified that after his investigation he came to the conclusion that he could not prove Bob Price stole the skates. However, the State was not required to prove that Bob Price stole the skates. In respect to this particular element of the crime, it is only necessary that the State show that the property is actually stolen property. In its attempt to prove this element of the crime, the State relied on the testimony of one Maxwell A. Bloodworth, who testified that he was in charge of the Mt. Vernon Skating Rink. Mr. Bloodworth identified the skates as being the property of the skating rink. The identification was based on the fact that the rink had stamped the size of the shoe on the back of the heel with a steel die. Apparently to show that the property had been stolen, Bloodworth was asked whether the skating rink sold roller skates. Bloodworth replied that it did not. This was the only evidence offered to show that a theft had, in fact, occurred.

In *Lyall* v. *State* (1966), 247 Ind. 465, 468, 217 N. E. 2d 154, 155, this Court stated:

> "It has been held by this court that in order to establish a 'stealing,' larceny must be proved. *Gow* v. *State* (1946), 224 Ind. 519, 69 N. E. 2d 175.
>
> "There must be some substantial evidence that the property was 'stolen.' The mere fact that property is missing, without more, is not sufficient to establish a larceny. *Bruck* v. *State* (1963), 244 Ind. 466, 193 N. E. 2d 494."

In *Lyall*, the defendant had been charged with possessing stolen nickel anodes which, the evidence indicated, had been shipped to Guide Lamp Division of General Motors Corpora-

tion in Anderson, Indiana. It was from the Guide Lamp Division that the anodes had allegedly been stolen. In holding that the evidence was insufficient to sustain the conviction, the Court stated:

> "The fact that the evidence strongly indicates that the nickel anodes involved were the property of Guide Lamp and were taken from Guide Lamp in some unauthorized fashion is not sufficient for a conviction in this case. Should there have been embezzlement rather than stealing, it is clear that a conviction of possessing stolen goods could not lie. *Gentry v. State* (1945), 223 Ind. 459, 61 N. E. 2d 641." *Lyall* v. *State, supra,* 247 Ind. at 469, 217 N. E. 2d at 156.

In the case at bar, the evidence most favorable to the State indicates that the skates are the property of the Mt. Vernon Skating Rink. Mr. Bloodworth's testimony also indicates that the skating rink is not in the business of selling roller skates. However, there is no substantial evidence of probative value which tends to indicate that these skates, or any other skates, were stolen from the skating rink.

It appears from the record that Bob Price placed the skates in the automobile at a time when the appellant was not present. The appellant was informed of this fact by his Grandmother. There is some disputed testimony that Price had told appellant that he had stolen *some* roller skates. There is no evidence that Price ever claimed to have stolen *these particular* roller skates. When Price was informed that appellant had been arrested, he immediately went to the police station and made a statement to the effect that the skates belonged to him; that he placed them in appellant's automobile; and that he purchased them from another person. John Essary, the Assistant Chief of Police, investigated this matter with full knowledge of the alleged claim that Bob Price had stolen the skates, yet he testified at trial that he had no case against Price. Due to appellee's failure to establish that Price, or any other person, had, in fact, stolen the pair of roller skates found in the possession of the appellant, this Court is of the opinion that the conviction cannot stand.

The judgment of the trial court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Arterburn, C.J. and Givan, J., concur; DeBruler, J., concurs with opinion in which Prentice, J., concurs.

### CONCURRING OPINION

DeBruler, J.—I concur in the opinion of the majority, but would order the appellant discharged rather than ordering a new trial. We are clearly authorized by A.P. Rule 15(m), and our recent holding in *Banks* v. *State* (1971), 257 Ind. 530, 276 N. E. 2d 155, to order discharge rather than retrial.

Prentice, J., concurs.

NOTE.—Reported in 279 N. E. 2d 202.