ROBERT CAPPS *v.* STATE OF INDIANA.

[No. 371S60. Filed June 2, 1972. Rehearing denied July 31, 1972.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Smith,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Robert Capps from a judgment in the Marion Criminal Court, Division One, convicting him of the crime of exerting unauthorized control over a vehicle in circumstances not amounting to theft. Appellant was indicted for the crime of Theft pursuant to IC 1971, 35-17-5-3, (Ind. Stat. § 10-3030 [1971 Supp.]), but was found guilty of the lesser included offense. Trial was to a jury, and upon conviction appellant was fined the sum of five hundred dollars ($500) and sentenced to the Indiana State Farm for a term of ninety (90) days.

The sole allegation of error properly preserved for review on appeal is that the evidence is insufficient to sustain the conviction.

When reviewing for the sufficiency of the evidence, this Court will neither weigh the evidence nor determine the cred-

ibility of witnesses. Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Valentine* v. *State* (1971), 257 Ind. 197, 273 N. E. 2d 543; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N. E. 2d 728.

The evidence most favorable to the State, as revealed by the record, is as follows: On February 27, 1969, the appellant was arrested at a service station at Tenth Street and Tibbs Avenue in Indianapolis. The activities at the service station had been under police surveillance as part of an extensive investigation of the interstate transfer of stolen suits. At the time of his arrest, appellant was driving a 1965 gold Cadillac. Upon request, appellant was unable to produce the title or the registration papers to the automobile. The license plates on the car were registered to a 1958 Ford Station Wagon. Appellant told the arresting officer that he had purchased the automobile, but that he could not remember any of the circumstances surrounding the purchase. The automobile was impounded, and within a few days, using the serial number on the engine, the police were able to identify the car as being one stolen from one Milton Pleva on September 1, 1967.

At trial, appellant testified that he had purchased the car from a man named John Weaver for $2500, $1100 down. Appellant also testified that the title was never delivered to him, but he insisted he signed the necessary papers at the time of the purchase. John Weaver was unable to corroborate any of this testimony because he had apparently been killed approximately two weeks after the alleged transaction.

Appellant concedes that he exerted control over the automobile which was owned by Pleva. He argues, however, that

the evidence is insufficient to establish that he *knew* he had no valid authorization to exert such control. We do not agree.

It is well established law that knowledge or intent may be inferred from the facts and circumstances presented in each case. See, *Miller* v. *State* (1968), 250 Ind. 338, 236 N. E. 2d 173; *Dobson* v. *State* (1959), 239 Ind. 673, 158 N. E. 2d 455; *Wertheimer* v. *State* (1929), 201 Ind. 572, 169 N. E. 40. Where, as here, the State resorts to circumstantial evidence to prove an essential element of the crime, all reasonable hypotheses of innocence must be excluded. *Miller* v. *State, supra; Hardesty* v. *State* (1967), 249 Ind. 518, 231 N. E. 2d 510. In the case at bar, appellant was arrested while in possession of a stolen automobile. At trial, he contended that he obtained possession as the result of what appeared to him to be a legitimate business transaction occurring nearly five months prior to his arrest. Appellant's contention amounts to nothing more than a mere denial of guilt. Appellant was unable to produce any evidence which would indicate that such a transaction did, in fact, occur. Even if we assume that appellant purchased the car from Weaver, his behavior subsequent to the transaction negates any inference that might be drawn which would tend to indicate that he thought the transaction was legitimate. It is neither reasonable nor logical to infer that a person would enter into a $2500 purchase without insisting upon some form of title. Especially is this true in the present case where absence of legal title and registration prohibited appellant from operating his vehicle in accordance with the licensing statutes of the State of Indiana. The more logical inference, and indeed, the only one probably drawn by the jury, was that appellant failed to attempt to procure legal title because he knew the car was stolen. Therefore, this Court is of the opinion that the evidence is sufficient to sustain the conviction.

Appellant's final contention is that error occurred in permitting an Indianapolis Police Officer to testify that appel-

lant was intially arrested for his suspected connection with the interstate transportation of stolen suits.

However, this testimony was neither objected to at trial nor was it raised in appellant's Motion to Correct Errors. Therefore, this issue is not before this Court on appeal. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N. E. 2d 227.

For all of the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C. J., and Givan, J., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

## DISSENTING OPINION

DEBRULER, J.—In the course of the appellee's case-in-chief one of appellee's witnesses testified concerning appellant's apparent involvement in, and his arrest for, certain crimes which were entirely unrelated to the theft charged in the indictment. Indianapolis Police Detective Turner testified that on February 24, 1969, he began a stake-out of a service station at Tenth Street and Tibbs Avenue, in Indianapolis, as part of an eighteen month long investigation of the interstate transportation of stolen suits. On February 26, 1969, Turner saw appellant pull in the service station driving a 1965 gold Cadillac. Appellant stayed for several hours before he left. On February 27, 1969, Turner went to the station accompanied by two private detectives, a secret service agent, and a state police detective. Turner then testified as follows:

"A. On the twenty-seventh, two undercover agents made a buy of the stolen suits and I went back to these persons I previously named and made the two arrests.

Q. And would you tell the Court and jury what happened on this day?

A. On the twenty-seventh we went to the station with the person who had made the buy of the stolen suits and arrested a Ronald Hudson and Mr. Capps and confiscated four of the suits from the interstate shipment."

This Court has often held that in general evidence of other offenses involving the defendant is inadmissible if it is irrelevant or its sole relevance is to show that the defendant's general character is bad and that he therefore has a tendency to commit crimes. *Burns* v. *State* (1970), 255 Ind. 1, 260 N. E. 2d 559; *Roddy* v. *State* (1970), 254 Ind. 50, 257 N. E. 2d 816; *Schnee* v. *State* (1970), 254 Ind. 661, 262 N. E. 2d 186; *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629; McCormack, EVIDENCE § 157; 2 Wigmore, EVIDENCE § 305 (3d. ed., 1940). However, if the evidence of other offenses is relevant to some issue in the case, *e.g.*, intent, motive, knowledge, plan, identity, etc. then it is admissible. *VanDeveer* v. *State* (1971), 256 Ind. 509, 269 N. E. 2d 865; *Schnee* v. *State, supra;* McCormack, *supra.*

Turner's testimony was not relevant to prove any of the issues in this case. The sole effect of this testimony was to inject unnecessarily the highly prejudicial evidence that appellant was thought by the police to have been involved in and arrested for another, unrelated crime.

In this case appellant's trial attorney failed to object to Turner's testimony and ordinarily this issue could not be raised for the first time on appeal. *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609; *Brown* v. *State* (1970), 255 Ind. 47, 262 N. E. 2d 515. However, I think that due to the extreme thinness of the appellee's evidence to support the verdict and the highly prejudicial nature of Turner's testimony, we must reverse this case and permit appellant to have a trial free from such prejudicial matter. Although this is a rarely used procedure it is not unprecedented. In *Sanford* v. *State* (1971), 255 Ind. 542, 265 N. E. 2d 701, this Court reversed for an error not asserted in the trial court saying, "an appellate court needn't search the record for error but we are not so restricted that we must close our eyes to what is clearly before us." In *Young* v. *State* (1967), 249 Ind. 286, 231 N. E. 2d 797, this Court, in reversing for an error not raised in the trial court, said that a court of review cannot ignore a funda-

mental error apparent on the face of the record. See also *Summers* v. *State* (1967), 248 Ind. 551, 230 N. E. 2d 320; *Ford* v. *State* (1967), 248 Ind. 438, 229 N. E. 2d 634; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848; 3 Wiltrout, Ind. Practice, § 2783. The application of the plain error doctrine then, requires a fundamental error which clearly appears from the record. This record clearly shows that in this very close circumstantial evidence case, the prosecution intentionally and unnecessarily injected into the case highly prejudicial testimony concerning appellant's alleged connection with and arrest for unrelated crimes. In these circumstances this was a fundamental error which prevented appellant from having a fair trial.

The evidence in this case shows this to be a close circumstantial evidence case. Appellant was charged with theft of a 1965 gold Cadillac, in violation of I.C. 1971, 35-17-5-3, being Burns § 10-3030, but he was convicted of the lesser included offense under I.C. 1971, 35-17-5-9, being Burns § 10-3036, which reads in pertinent part:

> "A person commits a crime when he: (1) knowingly obtains or exerts unauthorized control over the vehicle of the owner under circumstances not amounting to theft. . . ."

The appellee's evidence showed that Milton Pleva had a 1965 gold Cadillac, serial number 5230350 stolen on September 1, 1967. Pleva reported this theft to the police. Almost eighteen months later appellant was found driving the car. Detective Turner testified that when appellant was arrested on February 27, 1969, for an unrelated offense, appellant stated he had bought the car and could not remember where. Appellant could produce no title nor registration papers and the license plates on the car were registered to a different car. The registration marks on the car had been obliterated; the door frame ID number was on the car, but it was cracked, and it was N5195157.

Appellant testified that he had bought the car in September, 1968, from a man named John R. Weaver for $2,500.00,

with $1,100.00 down. Appellant drove the car openly at his job with Pride Construction Company. Appellant testified he signed title papers for Weaver but Weaver was killed two weeks after the sale and he never supplied appellant with a title. The license plates were registered to Alphine Wilson, who at the time of the trial was appellant's wife. Appellant freely permitted the police to search the trunk of the car. There was no evidence that appellant had ever been convicted of a crime.

It is conceded that appellant obtained and exerted control over the 1965 gold Cadillac which was owned by Pleva. The issue is whether there was sufficient evidence that appellant knew he had no valid authorization to use the car. Indiana Code 1971, 35-17-5-13, being Burns § 10-3040 (8), defines the word "knowingly" as follows:

> "(8) 'Knowingly' means that a person knows, or acts knowingly or with knowledge, of: (a) the nature of attendant circumstances of his conduct, described by the section defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist . Knowledge of a material fact includes awareness of the substantial probability that such fact exists."

Without deciding whether the above evidence was sufficient to show that appellant had an awareness of the substantial probability that he did not have a valid authorization to use the car, I would hold that in such a context the injection of the testimony connecting appellant with unrelated crimes was highly prejudicial and prevented appellant from receiving a fair trial.

The complete insensitivity of the prosecution to this problem is further demonstrated by the intentional effort of the prosecutor to introduce testimony that appellant had a brief-case full of "lost or stolen" credit cards in the trunk of the Cadillac. Although the trial court properly excluded the cards from evidence and ordered stricken the reference to the cards being "lost or stolen" this episode does demonstrate the pros-

ecutor's attitude in this trial. With reference to such "harpoons" see my dissent in *Bonds* v. *State* (1972), 258 Ind. 241, 280 N. E. 2d 313. In spite of the prosecutor's efforts the jury did not convict appellant of the crime charged in the indictment but of a lesser included offense for which he received a sentence of ninety days in jail and $500.00 fine. I would hold that in these circumstances the injection of testimony concerning appellant's connection with unrelated crimes deprived appellant of a fair trial.

Prentice, J., concurs.

NOTE.—Reported in 282 N. E. 2d 833.