Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 331 N.E.2d 462.

ROBERT M. TRADER *v.* STATE OF INDIANA.

[No. 2-1074A258. Filed July 29, 1975.]

*Raymond A. Grunert,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—Appellant Trader was convicted of Theft[1] and appeals the sufficiency of the evidence to support that conviction.

We affirm.

The facts most favorable to the State are as follows:

Robert Hinkley was a temporary resident of the Columbia Club in Indianapolis, Indiana and owned a 1971 Dodge Charger automobile with New Jersey license plates, 764 AXE. The doorman of the Columbia Club parked the car at the Denison Parking Garage at approximately 7:00 p.m. on April 12, 1974, and gave the parking receipt to Hinkley. Trader had parked cars for the Columbia Club in the past, but was not an employee of the Columbia Club at that time. Trader went to the Denison Parking Garage, paid for the parking, and drove away the automobile owned by Hinkley. At approximately 10:53 p.m. on April 12, Deputy Sheriff Bosson arrived at 1030 South Kitley Avenue in Indianapolis

---

1. IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974).

in response to a report from an alarm company that an alarm had been set off at that location. Deputy Bosson there apprehended Trader. The automobile owned by Hinkley was parked at that address and Trader told Deputy Bosson that the automobile was his.

Trader concedes that there was sufficient evidence to establish that he knowingly obtained and exerted unauthorized control over the automobile. Trader contends, however, that the evidence was insufficient to establish, beyond a reasonable doubt, an intent to deprive the owner of the use or benefit of the automobile. The State contends that there was ample circumstantial evidence from which the jury could find this element was proved.

In reviewing a challenge to the sufficiency of evidence this Court will neither weigh evidence nor determine credibility of witnesses. We will instead look only to the evidence most favorable to the State, together with all reasonable inferences therefrom, and determine if there is substantial evidence of probative value from which the trier of facts might reasonably infer guilt beyond a reasonable doubt. *Kimble* v. *State* (1974), 262 Ind. 522, 319 N.E.2d 140; *Traylor* v. *State* (1975), 164 Ind. App. 50, 326 N.E.2d 614. The element of intent may be proved solely by circumstantial evidence. *Capps* v. *State* (1972), 258 Ind. 565, 282 N.E.2d 833; *Beech* v. *State* (1974), 162 Ind. App. 287, 319 N.E.2d 678.

Under the facts of the instant case the jury could reasonably have concluded that the element of intent was proved beyond a reasonable doubt. Determination of the issue of intent is clearly established to be a duty of the trier of fact. *Swift* v. *State* (1970), 255 Ind. 337, 264 N.E.2d 317; *Tuggle* v. *State* (1969), 253 Ind. 279, 252 N.E.2d 796. Trader asserts that the evidence could support the conclusion that he intended only to use the car and then return it to the garage before morning. The evidence would, however, also support the contrary conclusion. Trader obtained the

car at night without permission of Hinkle. He identified the automobile as his at the time of arrest. Even assuming the existence of alternative inferences, it is apparent that the jury did not believe Trader's version. Since this Court is bound by the jury's determinations of credibility of witnesses, if supported by the evidence, then we must conclude that the element of intent was sufficiently proved. *Swift* v. *State, supra.*

The trial court's judgment was supported by sufficient evidence and is therefore affirmed.

NOTE.—Reported at 331 N.E.2d 469.