**Marion BIGGERSTAFF, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–182A19.**

Court of Appeals of Indiana, First District.

June 2, 1982.

David V. Miller, Timothy J. Hubert, Grove, Miller & Krohn, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

Defendant-appellant Marion Biggerstaff (Biggerstaff) appeals his conviction by the Vanderburgh Superior Court after a bench trial of cruelty to animals under Ind.Code 35–46–3–2 (Supp.1981).

We affirm.

## STATEMENT OF THE FACTS

The facts most favorable to the conviction are as follows: On May 11, 1981 pursuant to a search warrant, a police officer of Vanderburgh County and two representatives of the Vanderburgh County Humane Society searched a room in a filthy old school building owned by Biggerstaff and found five young Great Dane dogs. The dogs were taken into custody and transported to a veterinary for examination, and afterward they were placed in the Humane Society's animal shelter. The dogs were found to be extremely thin. They had rough, lackluster coats, abnormally worn teeth, and their stool was mucousy and loose. The veterinarian diagnosed them as suffering from dehydration, hook worms, and malnutrition. Because of a prolonged inadequate nutritional level, their testes has not developed normally. They were fearful and cringed when approached by people, and their activity level was low. The floor of the room where they were housed was covered with feces and assorted trash. Eating and drinking vessels were present but did not contain food and water. The dogs had been confined in that area for six to eight weeks. Pictures taken on May 11, 1981, and admitted into evidence revealed their condition as piteously emaciated and dispirited. Later pictures, taken on August 20, 1981, after a little more than three months of proper care, proper nutrition, worm medicine, and shots administered at the animal shelter, disclosed a dramatic change. The dogs had become fleshed out, were robust and handsome, and possessed an alert look.

## ISSUES

Biggerstaff raises two issues for review:
I.   Whether the evidence was sufficient to prove that he was guilty of intentional or knowing neglect of animals; and
II.  Whether the court's findings were against the weight of the evidence and contrary to law.

Biggerstaff argues both issues as one, and we will address them together.

## DISCUSSION AND DECISION

The statute under which Biggerstaff was convicted is Ind.Code 35–46–3–2 (Supp. 1981) which is as follows:

"Sec. 2. (a) A person having a vertebrate animal in his custody who knowingly or intentionally abandons, neglects, or tortures the animal commits cruelty to an animal, a Class B misdemeanor.

\* \* \* \* \* \*

(e) If a court finds that a vertebrate animal is being treated cruelly, it may take custody of the animal. The court shall give the animal to a humane society or similar organization."

■ Biggerstaff essentially argues the evidence and contends that the trial court erred in not accepting his version of events. We remind him of our standard of review; where the sufficiency of the evidence is challenged this court will neither weigh the evidence nor determine the credibility of the witnesses. We will instead look only to the evidence most favorable to the State, together with all reasonable inferences therefrom, and determine if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Trader v. State*, (1975) 165 Ind.App. 174, 331 N.E.2d 469.

■ It is further the law that the element of intent may be proven solely by circumstantial evidence, *see Trader, supra*, and it is well established that knowledge and intent may be inferred from the facts and circumstances of each case, *Capps v. State*, (1972) 258 Ind. 565, 282 N.E.2d 833. The State is not required to make proof of intent by direct and positive evidence. *McIntosh v. State*, (1970) 254 Ind. 484, 260 N.E.2d 775.

Ind.Code 35–41–2–2 (Supp.1981) defines "intentionally" and "knowingly" as follows:

"(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct 'knowingly' if, when he engages in the conduct,

he is aware of a high probability that he is doing so."

■ At trial Biggerstaff testified, and on appeal asserts, that his evidence reflects that no criminal liability should attach to him because: (1) the dogs refused to eat; (2) the State did not prove intent; (3) his only fault was mismanagement; (4) the real problem with the dogs was hook worms, and he had no control over that; (5) others were at fault; (6) the ladies from the Humane Society were hyper-sensitive; (7) there was no evidence from which the court could conclude that no real attention was given to the basic needs of the animals; and (8) the court erred in not believing Biggerstaff.

We do not find it necessary to recite all of Biggerstaff's testimony. It suffices to say that in view of the total record, the trier was not required to believe it. The evidence and the permissible inferences therefrom disclosed that the five young dogs, while in Biggerstaff's possession, were piteously emaciated, and badly infected with hook worms. They were kept in a filthy room covered with feces and debris. Without adequate food and water, the dogs had become dehydrated. Biggerstaff admittedly owned the dogs and the property, was directly in charge of them, and knew of their condition. The trial court could properly infer that he either knowingly or intentionally neglected them. As stated, the trial court was not obligated to believe his excuses for the deplorable condition of the dogs.

For the above reasons, this cause is affirmed.

Affirmed.

RATLIFF, P. J., and ROBERTSON, J., concur.