Hardy Arthur STEPP, Appellant,

v.

STATE of Indiana, Appellee.

No. 283S52.

Supreme Court of Indiana.

Nov. 7, 1984.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of attempted robbery a class A felony, Ind. Code § 35–42–5–1 and § 35–41–5–1 and from a habitual offender determination. The case was tried before the court. Appellant received a sentence of fifty years on this attempted robbery count and a consecutive thirty year sentence on the habitual offender count for a total of eighty years.

Appellant raises one issue on appeal, namely whether the evidence is sufficient to sustain his conviction.

These are the facts which tend to support the determination of guilt. On May 27, 1981, Bernie Martin and Reggie Williams were working at the Century Oil gas station at 3754 Northwestern Avenue in Indianapolis, Marion County, Indiana. Martin was station manager, and Williams was a station attendant. At approximately 6:00 P.M. they were both working the gas pumps when a 1972, dark blue Cadillac pulled into the station. Williams put twenty dollars worth of gas in the car, and the occupant of the car requested to speak to the manager of the station. When Martin approached the car to speak to the man, the man pulled out a single barrel sawed-off shotgun and demanded all of Martin's money. Instead of complying with the demand, Martin dove to the rear of the Cadillac, drew a .38 caliber snub revolver, and told the man to drop the shotgun and come out with his hands up in the air.

The man responded by getting out of the car and firing one shot at Martin. The man re-loaded and fired again as Martin moved around to the passenger side of the car. Martin then fired through the car towards the man and shot out the windows of the Cadillac. Martin then fired three shots with a fourth shot misfiring. After he ran out of shells, Martin bolted for the office door of the station and dove to the floor. When he reached his arm up to the door, he was hit in the arm by shot gun pellets from the man's third and final blast. The man yelled, "I'll kill you," as he fired his last shot. The man then got into his Cadillac and drove away south on Northwestern Avenue.

Most of the incident was witnessed by Leo Feeney who owns and manages the Dairy Queen next to the Century Oil gas station. He called the police and was able to read the license plate number of the Cadillac as it fled the scene.

Officer Kenneth Pavlin of the Indianapolis Police Department was on duty on May 27, 1981, and he received a radio dispatch to the scene at approximately 5:50 P.M. Upon arrival, Martin gave him a descrip-

tion of the suspect: Black, male, fifty to sixty years old, six feet tall, two hundred forty to two hundred fifty pounds, hair gray, heavy build.

Two days after the incident, Detective Elmer Combs of the Indianapolis Police Department Robbery Branch interviewed Martin and Williams and showed them a photo array of six pictures, one of which was a photograph of appellant. Neither witness selected the photograph of appellant. On October 14, 1981, Martin and Williams attended a line-up at police headquarters. Both witnesses selected the appellant as the perpetrator from among a line up of six men. In addition, both witnesses identified the appellant in-court as the man who had attempted to rob the Century Oil gas station and who had in fact shot at and injured Mr. Martin.

It was subsequently determined that the license plate number, 49W5022, taken from the departing Cadillac was properly registered to a 1971 Ford LTD owned by Ollie McCoy of 3534 N. Wallace Street in Indianapolis. The license plate had been missing from Mr. McCoy's car since May of 1981. At trial, Cora Leeper, the defendant's sister, testified that she lived across the street from the McCoys and that the appellant had been staying at her house off and on during the month of May in 1981. In addition, she stated that the appellant drove a dark blue Cadillac at that time.

I

Where the sufficiency of evidence is challenged on review the appellate court will look only to the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. The Court, then, will determine if there is substantial evidence of probative value from which a rational trier of fact could infer guilt beyond a reasonable doubt. *Hubbard v. State* (1982), Ind., 437 N.E.2d 52; *Biggerstaff v. State* (1982), Ind.App., 435 N.E.2d 621. The Court will neither re-weigh the evidence nor determine the credibility of witnesses. When there is such evidence to support the conclusion of

the trial court, the conviction will not be overturned. *Williams v. State* (1982), Ind., 433 N.E.2d 769.

Appellant contends that there was insufficient evidence presented at trial to support the conviction. Specifically, he maintains that there was insufficient evidence produced to prove that the victim was injured as a result of the robbery and to prove that the wounds, if received, constituted bodily injury under the statute to make the offense a class A felony. Appellant also maintains that the identification of him in court was insufficient to sustain the conviction.

The offense of robbery is defined in Ind. Code § 35–42–5–1 as follows:

Sec. 1. A person who knowingly or intentionally takes property from another person or from the presence of another person:

1. by using or threatening the use of force on any person; or

2. by putting any person in fear; commits robbery, a class C felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious bodily injury in any other person.

Ind.Code § 35–41–1–2 defines bodily injury as "any impairment of physical condition, including physical pain."

The evidence presented at trial clearly demonstrated that the victim, Martin, was injured by appellant during the attempted robbery. Both Martin and Williams testified that the appellant fired a shotgun at Martin. Martin stated that his arm became swollen the day after the attempted robbery and that he dug shotgun pellets out of his arm. Also, Martin still bore the scars from the wounds in four places on the day of the trial. Appellant relies on the fact that Martin did not seek medical attention for his wounds. However, such fact does not serve here to render the value of the evidence of the injury insufficient. See *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208.

Appellant also maintains that the in court identification of him was unreliable because the two witnesses were unable to pick his picture out of a photo array prior to trial. The appellant, however, does not allege that there was any impropriety concerning either the photo array shown to the two witnesses or the line-up where they both identified the appellant. Both Martin and Williams had time to view appellant at close range during the attempted robbery. Both witnesses identified him at the line-up and both witnesses identified him in court. In addition, there was circumstantial evidence presented at trial that supported the identification testimony. The dark blue Cadillac driven by the perpetrator of the crime was linked to appellant through the tracing of the stolen license plate to the owner who lived across the street from appellant and by appellant's sister's testimony that he drove a dark blue Cadillac at the time of the attempted robbery. The evidence of identification is clearly sufficient.

There is substantial evidence of probative value to support the verdict.

We have determined *sua sponte* that the separate thirty year sentence imposed as a consequence of the habitual offender finding is erroneous. *Wilburn v. State* (1982), Ind., 442 N.E.2d 1098. The conviction for attempted robbery and the finding of appellant to be a habitual offender are affirmed; however, the cause is remanded for entry of a single sentence for the crime of attempted robbery reflecting an enhancement of the habitual offender finding.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.