**Keith Wayman BROWN, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 1183S403.

Supreme Court of Indiana.

July 30, 1985.

John C. Skinner, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Keith Wayman Brown was found guilty by a jury in the Lake Superior Court, Criminal Division, on two counts of Class A felony robbery. The court imposed a penalty on Count I of fifty years. On Count II, the court reduced the conviction to armed robbery, a Class B felony, and sentenced Defendant to ten years, said term to run concurrently with the fifty years' penalty. No question is raised on this appeal regarding the court's action in reducing Count II from a Class A to a Class B felony.

Two issues are presented for our consideration in this direct appeal as follows:

1. Admission of State's Exhibits 2, 3 and 4 over Defendant's objection; and

2. Sufficiency of the evidence with reference to Count I to qualify as bodily injury to the victim.

The facts tend to show that on November 14, 1982, at approximately 12:40 a.m., Steven Peres was picking up a pizza at John's Pizzeria in Calumet City when he was accosted in the parking lot by two black males, later identified as Defendant Keith Wayman Brown and Co-defendant Leon Welch. Defendant took over the driving of Peres's car, and while they drove around his wallet containing six dollars was taken from him. The two men then threatened to kill Peres. They asked him if he had valuables at home, and he admitted he had a television set and a stereo. They then took Peres to his home in Hammond where his wife and two-year old son were waiting for him. The two alternated between holding a gun on the family in the living room and removing personal property from the apartment. They took over $1,000 worth of property. At one point the two men discussed taking one of the family members with them as a hostage. Peres told them none of them was going to leave with the two men. Defendant Keith Brown then told Peres that he had better shut up and hit him on the forehead three or four times with the barrel of the handgun. The blows caused a bump, red marks and pain to Peres for two or three days. The family was then herded into the bathroom and the robbers left. They took with them Mrs. Peres's car keys and wedding ring as well as Mr. Peres's watch.

On November 15, Peres went to the police station and selected photos of Keith

Brown and Leon Welch as the two robbers. He also identified some of the property that had been recovered. Detective Robert Townsell of the Hammond Police Department recovered Mrs. Peres's wedding ring and car keys from the person of Leon Welch. Mrs. Peres also identified Leon Welch's hat. Peres's watch was found on the person of Defendant Keith Brown, and most of the property taken from the apartment was found at Defendant's residence pursuant to a search warrant. Defendant Brown gave a statement confessing to the robbery. Prior to trial, Welch was determined to be incompetent to stand trial and was committed to the jurisdiction of the Indiana Department of Mental Health.

## I.

State's Exhibits 2 and 3 are photographs of the wedding ring and car keys taken from Mrs. Peres on November 14, and found on the person of Co-defendant Leon Welch. State's Exhibit 4 was a photograph of the cap worn by Co-defendant Welch during the robbery and identified by Mrs. Peres. Defendant Brown maintains that these exhibits only tend to prove material facts in relation to his Co-defendant and therefore have no probative value as to him and only serve to prejudice him before the jury. We disagree.

■ The trial court is vested with wide latitude to determine the probative value of evidence and its prejudicial impact. *Averhart v. State*, (1984) Ind., 470 N.E.2d 666, *reh. denied*. Trial court rulings based upon irrelevancy of evidence are reviewable only for an abuse of discretion. *Buck v. State*, (1983) Ind., 453 N.E.2d 993. Evidence is relevant and thus admissible if it tends to prove or disprove a material fact or sheds any light on the guilt or innocence of the accused. *Cox v. State*, (1985) Ind., 475 N.E.2d 664; *Connell v. State*, (1984) Ind., 470 N.E.2d 701; *Goodloe v. State*, (1982) Ind., 442 N.E.2d 346. Evidence otherwise admissible may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Averhart, supra*. Should the probative value of

the evidence be weak and its tendency to prove a material fact be slight, this affects the weight of the evidence and not its admissibility. *Grimes v. State*, (1983) Ind., 450 N.E.2d 512.

■ Defendant Brown and his Co-defendant were both identified by the victim as the men who had abducted him at gunpoint and robbed him and his family of their personal belongings including those items identified as State's Exhibits 2 and 3. Testimony further revealed that Co-defendant Welch was wearing a dark-colored, baseball type cap during the robbery which was State's Exhibit 4. Since Defendant Brown and Welch acted together to commit this crime, Exhibits 2, 3 and 4 were admissible against Defendant because they tended to connect him with the commission of the robbery and shed light on his guilt. The trial court did not err in admitting these exhibits into evidence.

## II.

■ Defendant Brown further claims the evidence was insufficient to support the bodily injury element requisite to a Class A felony robbery. His argument is based on the fact that the victim testified his skin was not broken, he did not see a doctor, did not take medication, did not take time off from work, wore no protective headgear and was unconcerned about a severe concussion. Defendant Brown therefore maintains the evidence does not support the type of bodily injury contemplated by Ind. Code § 35–42–5–1 (Burns 1979 Repl.). In a sufficiency question this Court does not weigh the evidence nor resolve questions of credibility. Rather, we review the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which a reasonable trier of fact could infer that Defendant Brown was guilty beyond a reasonable doubt. *Woods v. State*, (1984) Ind., 460 N.E.2d 503.

■ Ind.Code § 35–42–5–1 provides that robbery shall be a Class A felony if it

results in either bodily injury to the victim or serious bodily injury to any other person. This Court already has held that the legislature intended to make robbery a Class A felony in the following two situations: (1) when any bodily injury resulted to the person being robbed, and (2) when serious bodily injury resulted to any other person. *Larry v. State*, (1985) Ind., 477 N.E.2d 94; *Hill v. State*, (1981) Ind., 424 N.E.2d 999, *reh. denied*. Bodily injury to the victim need not rise to a serious bodily harm level to impose Class A felony liability on the robber. *Gatewood v. State*, (1982) Ind., 430 N.E.2d 781; *Clay v. State*, (1981) 275 Ind. 256, 416 N.E.2d 842. The absence of medical attention does not render the value of the evidence regarding the injury insufficient to establish bodily injury under our robbery statute. *Stepp v. State*, (1984) Ind., 470 N.E.2d 66. Bodily injury, as used in the robbery statute, means any impairment of physical condition, including physical pain. The evidence clearly showed here that the robbery victim received from Defendant's gun a bump, red marks and pain for two or three days. This was sufficient evidence from which the jury could reasonably find that Defendant Brown committed bodily injury upon the robbery victim to justify a finding of Class A felony robbery.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.