**Jerry K. NORWOOD, Appellant**
(Defendant Below),

v.

**STATE of Indiana, Appellee**
(Plaintiff Below).

No. 985S348.

Supreme Court of Indiana.

July 16, 1986.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following a jury trial, Defendant-Appellant Jerry Norwood was convicted of the robbery (class A felony, I.C. § 35–42–5–1) of Kathy Tucker, and found to be a habitual offender, I.C. § 35–50–2–8. He was sentenced to a total term of seventy (70) years imprisonment. The sole issue raised in this direct appeal is whether the evidence was sufficient to establish that Mrs. Tucker suffered "bodily injury" so as to enhance the robbery offense from a class B to a class A felony.

Our test for the sufficiency of the evidence requires that we look only to the probative evidence and the reasonable inferences therefrom which support the verdict, to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223, 226; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

I.C. § 35–41–1–2 (Burns 1979) Repl.), subsequently recodified at I.C. § 35–41–1–4 (Burns 1985) Repl.) defined "bodily injury" as "any impairment of physical condition, including physical pain." Mrs. Tucker testified that when defendant's shotgun was fired, she was hit in the thigh, hip, and leg. She saw blood and was taken by ambulance to a hospital where she remained for five days. Defendant argues that error arises because of the absence of evidence of (1) pain, (2) the medical need for her transportation to and treatment at the hospital, and (3) nature and extent of her medical treatment other than staying at the hospital for five days.

We hold that the evidence here was sufficient to demonstrate the victim suffered "bodily injury" as defined by I.C. § 35–41–1–2. *Cf., Brown v. State* (1985), Ind., 480 N.E.2d 938, 940–41; *Woods v. State* (1984), Ind., 460 N.E.2d 503, 505; *Stepp v. State* (1984), Ind., 470 N.E.2d 66.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.