Andrew Holbert McBRIDE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8601–CR–116.

Supreme Court of Indiana.

Dec. 4, 1987.

L. Craig Turner, Boberschmidt, Miller, O'Brien & Turner, P.A., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Andrew Holbert McBride appeals his conviction for murder, Ind.Code § 35–42–1–1 (Burns 1985 Repl.), and robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1985 Repl.). The trial court sentenced McBride to consecutive terms of sixty years for murder and fifty years for robbery.

McBride raises three issues on direct appeal.

1) Whether McBride received ineffective assistance of counsel under the United States Constitution;

2) Whether the trial court erred when it overruled McBride's motion for a directed verdict, and

3) Whether the trial court improperly admitted a deed of property over McBride's objection that the evidence was irrelevant.

The State charged McBride with the murder and robbery of Clifford Pride. The evidence showed that around 10:15 p.m. on April 29, 1982, Pride left the Jewish Community Center in Indianapolis. A few blocks from the center, Kathy Ransford was watching television when she saw a car pull up at approximately 10:30 p.m. and park in front of her home. Ransford observed someone get out of the car, then reach back into the car and remove a clutch purse. A second car drove up and picked up the person. Ransford could not identify the person because of darkness.

The next morning, police discovered Pride's body in the car. He had been shot four times in the head, one time in the neck, and two times in the right hand. Although Pride usually carried over a hundred dollars in cash on his person, sometimes in his sock, the police found no money on the body. One of Pride's pant legs, however, was rolled up. In addition, Pride normally carried a wallet and a clutch bag. The police discovered neither.

On that same day, April 30, 1982, McBride's girlfriend, Johnnie Foster, discovered a wallet under the front seat of McBride's car. The wallet contained identification for Clifford Pride and three of his credit cards. She purchased various items with the cards before throwing the wallet away.

Two weeks later, Foster told McBride she used the charge cards. McBride became nervous. He told her she should not have used the cards because he had killed the owner. McBride said Pride had pulled a gun on him earlier in the week because Pride thought he was "messing with" Edwin Kennedy. McBride told Foster he had waited for Pride in the back of his car at work, shot him, and left him in the car.

## I. Ineffective Assistance of Counsel

McBride argues he received ineffective assistance of counsel in violation of the Sixth Amendment and Fourteenth Amendment. Specifically, he claims his counsel failed to compel Kennedy's testimony and pursue an alibi defense, both of which would have established his innocence. He contends Kennedy would have established that Johnnie Foster knew Clifford Pride and therefore could have obtained the wallet directly from him. He said the alibi witness, Ricky Howard, would have testified that McBride was at Howard's home from 9:30 p.m. on April 29, 1982 until 1:45 a.m. on April 30, 1982. In addition, McBride claims that even if these omissions individually do not establish ineffectiveness, they do so collectively.

The United States Supreme Court set forth the standard for judging ineffective assistance of counsel claims under the federal constitution in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). That analysis has two components. First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. Second, the defendant must show that the deficient performance prejudiced the defense. Unless a defendant proves both, the conviction did not result from a breakdown of the adversarial process such that the result is unreliable. *Id.* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

The first component of the *Strickland* standard requires the defendant to overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Without evidence showing counsel's performance unreasonable, the defendant cannot prevail on a claim of ineffectiveness.

As the Attorney General points out in his excellent brief, McBride never submitted an affidavit showing what Kennedy or Howard would have said. We have no idea whether the two would have testified as McBride claims they would. Without evidence it is impossible to judge counsel's performance as unreasonable.

## II. *Directed Verdict*

■ At the end of the State's case, McBride moved for a directed verdict. The trial court denied the motion. On appeal McBride argues the evidence insufficiently links him to the crimes.

Denial of a motion for directed verdict is not error when the evidence is sufficient to support the conviction. *Wilson v. State* (1983), Ind., 455 N.E.2d 1120. In addressing the sufficiency of the evidence, this Court will look only to the evidence most favorable to the verdict and will draw reasonable inferences from that evidence. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. To determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt, generally we will not assess witness credibility. *Abner v. State* (1986), Ind., 497 N.E.2d 550.

McBride challenges the State's "minimal effort" in offering three witnesses who testified that he admitted commission of the crimes: Johnnie Foster, Augustus Johnson, and Tim Ellis. McBride and Johnson were sharing a jail cell. McBride told Johnson various details of the crimes. McBride said he got into Pride's car, pulled the trigger, and grabbed the pouch and billfold. He told Johnson he put the wallet under the front seat of his car where Foster said she found it. Tim Ellis testified that McBride said he shot Pride in the head. Although McBride admitted the crimes to three unrelated people, at three different times, places and circumstances, the versions were all consistent.

The evidence is sufficient to support the conviction.

## III. *Admission of Deed*

■ McBride argues the trial court improperly admitted a deed for the property where McBride lived with Johnnie Foster at the time of the crimes. The deed was in the name of Edwin Kennedy's sister, Rosalind. McBride maintains the ownership of the property is irrelevant.

Evidence is relevant if it has a logical tendency to prove or disprove a material fact. *Jackson v. State* (1986), Ind., 490 N.E.2d 1115. When McBride objected to the deed at trial, the State pointed out that Edwin Kennedy had been implicated in the murder and any evidence showing McBride's relationship to Kennedy was relevant. The State's theory centered on the relationship between McBride and Kennedy. The deed has a logical tendency to prove that relationship. The trial court appropriately admitted it.

The trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.