Joseph Ruben **HUNTER**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 82S00–9009–CR–587.

Supreme Court of Indiana.

Sept. 20, 1991.

Rehearing Denied Nov. 22, 1991.

Terry A. White, Olsen, Niederhaus, Labhart & White, Evansville, for appellant.

Linley E. Pearson, Indiana Atty. Gen. and Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Count I, Dealing in a Schedule II Narcotic Drug, a Class A felony, and Count II, Dealing in Cocaine, a Class A felony. He also was found to be a habitual offender. Appellant was sentenced to thirty-five (35) years each on Counts I and II, the sentences to run concurrently. Count I was enhanced by thirty (30) years by reason of his habitual offender status, the total executed time thus being sixty-five (65) years.

The facts are: On November 13, 1989 at approximately 6:00 p.m., the Evansville Police Department executed two search warrants to search apartments C and D at 1726 Garvin Street in Evansville, Indiana. Apartment C, an upstairs apartment, was rented by Wanda Shelton, appellant's codefendant, and apartment D, located on the first floor, was rented by appellant under the name of Bill White.

Upon executing the warrants, the officers knocked and announced their presence at apartment C. When they heard commotion inside the apartment, they kicked the door open because they were concerned that evidence was being destroyed. Upon entering, the officers observed codefendant Marita Holland standing in the bathroom

throwing Dilaudid tablets out an open window. Appellant was found behind the door, and a search of his pockets disclosed a plastic bag containing $2,029. Other individuals found in the house included Wanda Shelton, Diane Knight, Charles Turpin, and two children. Neither Turpin nor Knight was arrested by the police.

Outside the apartment, the police collected ninety-one Dilaudid tablets from the ground and the roof near the open bathroom window where Holland had thrown them. On a table in the apartment, the officers located a gray box with the lid off. Inside the box were several keys on a key ring, a bag containing twenty grams of cocaine, approximately $500 worth of food stamps, a glass test tube containing cocaine residue, two razor blades with cocaine residue on them, a white powder consisting of a non-controlled substance, approximately $31 in change, and a billfold containing several cards including identification cards bearing the names of Marita Harper and Joseph Ruben Hunter.

Under the couch, the officers found twenty-six bags of cocaine and fourteen Dilaudid tablets. Other evidence found in the apartment included roach clips for smoking marijuana, two syringes, a spoon, a tally sheet, razor blades, a bottle containing an unknown liquid, and thirty-seven grams of a non-controlled substance.

The officers then searched the other apartment and found numerous items including: a hand-held police scanner, test tubes containing cocaine residue, white powder, syringes, razor blades, and two brown bottles resembling others found outside the first apartment with the Dilaudid tablets. During the search, appellant had asked officers if they would give his motorcycle key to Turpin, which they agreed to do. Officer Wilkins testified that the key was on the same key ring as the key fitting the lock on the grey box.

Appellant claims he was denied effective assistance of trial counsel and lists numerous instances to support his position.

This Court in *Williams v. State* (1987), Ind., 508 N.E.2d 1264, 1266 stated:

"To succeed on a claim of ineffectiveness of counsel, appellant must prove that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Appellant also must prove that counsel's failure to function was so prejudicial as to deprive him of a fair trial. A fair trial is denied when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result unreliable. (Citation omitted.) To meet his burden, appellant must overcome by strong and convincing evidence a presumption that counsel has prepared and executed his client's defense effectively. (Citation omitted.)"

Appellant argues that counsel failed to call witnesses who would have testified that the $2,029 found in his pocket were winnings from a racetrack. As appellant notes, the decision on which witnesses to call generally is a matter of strategy on counsel's part, and we will not second-guess counsel's decision unless the choice fell below objective professional standards. *See Ford v. State* (1988), Ind., 523 N.E.2d 742. In addition, appellant failed to submit any affidavits showing what the witnesses would have said. Thus we have no idea what the witnesses would have testified about and have no basis to judge counsel's performance. *See McBride v. State* (1987), Ind., 515 N.E.2d 865. Under the circumstances, we cannot say counsel's performance was ineffective.

Appellant contends that counsel failed to obtain the key to appellant's motorcycle to test the credibility of Officer Wilkins' testimony. Officer Wilkins testified that appellant requested the key be removed from the gray box on the table and be given to Turpin so he could drive away on the motorcycle. He alleges that this allowed the jury to infer that because appellant had possessions inside the box, he must have owned the box. Here the officer's testimony helped link appellant to possession of the box. Appellant has not shown how trial counsel's representation in the matter was ineffective.

Appellant argues trial counsel was ineffective in agreeing to a stipulation. After a lengthy side-bar conference, both defense counsel and the prosecutor agreed that the jury should be informed that appellant's codefendant, Wanda Shelton, a/k/a Wanda Butler, had appeared in person in court and agreed to plead guilty to a Class B felony of dealing in a Schedule II narcotic. In exchange for that plea, she was to be imprisoned. Although the agreement included a fifteen (15) year sentence, both sides agreed that the length of the sentence to be imposed should not be stated to the jury. The judge informed the jury as agreed by counsel.

Appellant correctly observes that evidence of a conviction or guilty plea of others charged with the same offense as the defendant is not substantive evidence of the defendant's guilt or innocence. *See Hughes v. State* (1989), Ind., 546 N.E.2d 1203. However, whether the admission of a codefendant's conviction requires reversal depends upon the facts and circumstances surrounding the case. *Moore v. State* (1987), Ind., 515 N.E.2d 1099. In the instant case, as in *Moore,* there was only a brief mention of Shelton's conviction made at the conclusion of the evidence. Counsel for appellant obviously felt a need to explain the named codefendant's absence from the trial. We will not second-guess his strategy here.

Appellant argues trial counsel was ineffective in failing to object to the reading of Officer Kathleen Pritchett's two depositions in evidence. This was due to the fact that Officer Pritchett was delivering a child at the time of the trial.

In order to establish that the failure to object to evidence admitted at trial resulted in inadequate representation, appellant must show that counsel's objections would have been sustained had they been made. *See Siglar v. State* (1989), Ind., 541 N.E.2d 944. As a general rule, a deposition may be used at trial in lieu of in-court testimony where it is shown that the witness is unavailable and the testimony shows adequate indicia of reliability. *Coleman v. State* (1989), Ind., 546 N.E.2d 827.

The trial court did not err in admitting the deposition in light of the fact that Officer Pritchett was unavailable at the time of trial due to her pregnancy.

Appellant also contends trial counsel should have objected during Officer Pritchett's deposition at two different times. The first time is where Officer Pritchett indicated she had seen pictures of appellant previously when she had worked undercover regarding activities on Canal Street. The record reveals the following occurred:

"Q: A minute ago you said that when you came in the apartment you saw Joe Hunter and you recognized him. How did you recognize him?

A: I'd seen photos of him before.

Q: Was that in preparation for the search?

A: No sir, prior to that.

Q: Why had you seen photos of him?

A: Prior information from my activities on Canal Street.

Q: How long ago had that been, prior to the search?

A: I'd been working that district for four years undercover.

Q: When was it that you looked at the pictures?

A: I had them in my possession for many years, since probably '85.

Q: What I'm asking you is, when did you last look at them? Did you look at them on more than one occasion.

A: Yes sir.

Q: When did you last look at them?

A: I don't know sir."

The questioning was improper; however, this Court on numerous occasions has stated that isolated instances of poor strategy or bad tactics do not necessarily amount to ineffectiveness of counsel. *See Rozika v. State* (1988), Ind., 520 N.E.2d 1267. We cannot say that counsel's actions here amounted to ineffective assistance of counsel.

Appellant contends that trial counsel failed to object when in her deposition, Officer Pritchett made reference to a statement in the affidavit of probable cause which indicated that the lock box and mo-

torcycle key belonged to appellant. However, the record shows that Officer Wilkins' testimony indicated that the key to the lock box and appellant's motorcycle were on the same key ring. Thus Officer Pritchett's testimony was cumulative. We find no error on counsel's part in failing to object.

Appellant contends trial counsel failed to file motions for judgment on the evidence at the close of the State's case and the close of his case. The failure of trial counsel to move for a directed verdict, however, did not create sufficient prejudice to result in a finding of ineffective assistance of counsel. *See Siglar, supra.* The evidence in the instant case clearly was sufficient to support the verdict. We find no error.

Appellant argues that trial counsel erred in failing to object to the admission of twenty-six bags of cocaine and fourteen Dilaudid tablets found under the couch in the apartment. He argues that an inadequate foundation was laid for the introduction of these items.

[redacted] A trial court is accorded wide latitude in ruling on the relevancy of evidence. In doing so, the court must balance the probative value of the evidence against its prejudicial impact. If it is only marginally relevant, it is within the trial court's discretion to determine its admissibility. *Wallace v. State* (1985), Ind., 486 N.E.2d 445, *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 723.

[redacted] In addition, evidence which only inconclusively connects the defendant to a crime goes to its weight, which is for the jury to decide, not to its admissibility. *Johnson v. State* (1980), 272 Ind. 547, 400 N.E.2d 132. Any evidence which connects the defendant with the crime is admissible. *Warfield v. State* (1981), 275 Ind. 396, 417 N.E.2d 304. To establish a chain of custody, it is the State's burden to show chain of possession from the original receiver of the evidence to the final custodian. *Watkins v. State* (1982), Ind., 436 N.E.2d 83.

In the instant case, testimony by Officer Wilkins and the deposition of Officer Pritchett show the latter found the bags of cocaine and the tablets under the couch. These items were given to Officer Wilkins. Officer Wilkins and Fred Laux, a chemist who examined the items, testified as to the procedure used in transporting the items to and from the laboratory and where the items were kept until the time of trial. There is ample evidence in the record to support the finding that the State has established a proper chain of custody and the evidence is sufficient to connect the items to appellant. Counsel's objection would have been to no avail.

[redacted] Appellant contends trial counsel failed to object to State's Exhibit No. 35, an arrest sheet. The arrest sheet showed that appellant was unemployed. Officer Wilkins testified on cross-examination that information on the arrest sheet is obtained from the defendant by the officers pursuant to booking procedures. This exhibit is a certified copy of an arrest sheet and thus is an official record. Therefore it is admissible under Ind.Trial Rule 44(A). In addition, the record shows that additional evidence was brought out concerning appellant's employment. We cannot say trial counsel erred in failing to object to this exhibit as it was properly admitted.

Appellant contends counsel erred in withdrawing his motion for a continuance. This withdrawal came after counsel received certain surprise evidence during the habitual phase of the trial.

During the habitual proceeding, counsel requested a continuance after the prosecutor attempted to introduce certified copies of police and court records which had not been provided until trial. The trial court refused trial counsel's request but instead offered counsel a brief recess to review the records. Appellant argues that a continuance was necessary for counsel to properly review the documents, obtain the transcripts, and develop a strategy for defending him.

As the State properly notes, this Court in *Coff v. State* (1985), Ind., 483 N.E.2d 39, 42 stated:

> "In this case Defendant has suggested nothing that counsel could have done had he sought and obtained a continuance.

The records of Defendant's past convictions for various felonies were easily obtained and presented by the State. There is no evidence that Defendant or his counsel were not given an adequate opportunity to examine this evidence. Assuming, *arguendo,* that counsel should have sought a continuance to meet the habitual offender claim, Defendant, on appeal has failed to establish how he was 'prejudiced' by his failure to do so."

In the instant case, appellant fails to show how he was prejudiced. Instead, he merely makes a general allegation of ineffectiveness of counsel. We find no error.

 Appellant also contends that trial counsel failed to tender instructions on the lesser-included offenses of possession of a narcotic drug and possession of cocaine. This Court in *Ingram v. State* (1989), Ind., 547 N.E.2d 823, 830 stated:

"The test for determining whether an instruction on a lesser included offense should be given involves two components. One addresses whether the claimed lesser offense is either inherently or factually included in the language of the statute and the document charging the greater offense. (Citation omitted.) The second component involves examining the evidence to determine whether the evidence warrants an instruction on the lesser offense. (Citation omitted.) An instruction on the lesser offense is warranted where a serious evidentiary dispute exits respecting the element that distinguishes the greater from the lesser offense."

In the instant case, Detective James Allison testified regarding the packaging of the cocaine and Dilaudid found at the scene. He testified regarding the ways in which these items are sold on the street. In addition, he stated that the manner in which the items were packaged did not resemble that of drugs for personal use and concluded that the amount of drugs found in the apartment would not be consistent with mere personal use. In the absence of evidence to show the lesser offense was committed while the greater was

not, we cannot say counsel was ineffective. We find no error.

Appellant contends there was insufficient evidence to support his conviction of Dealing in a Schedule II Narcotic Drug as charged in Count I. This Court will not reweigh the evidence but will examine only the favorable evidence presented to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280.

As appellant correctly notes, the mere presence at the scene of a crime is insufficient to sustain a conviction. *Burkes v. State* (1983), Ind., 445 N.E.2d 983. However, presence at the scene connected with other facts and circumstances tending to show participation will support a conviction. *Id.*

Appellant rented apartment D using an alias, and at the time of the search, two brown bottles resembling those found nearby containing Dilaudid tablets were found in the apartment. Marita Holland discarded a large quantity of Dilaudid tablets and a Dilaudid bottle from apartment C. Appellant and Holland resided in apartment D. In addition, a plastic bag containing $2,029 was found in appellant's pocket. Based on these facts, we find the evidence was sufficient to support the conviction. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.