**Louis BATES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49A04-9410-CR-423.

Court of Appeals of Indiana, Fourth District.

May 31, 1995.

Thomas E. Hastings, Brown, Hastings, Baldwin & Clutter, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Louis A. Bates appeals his conviction for operating a motor vehicle after his driving privileges were forfeited for life,[1] a class C felony. We affirm.

### ISSUES

1. Whether evidence was erroneously admitted.

2. Whether the evidence was sufficient to sustain the conviction.

### FACTS

On the evening of January 11, 1994, Special Deputy Scott Spurrier of the Marion County Sheriff's Department observed an automobile which lacked a rear license plate light turn into an Indianapolis apartment complex and park. Spurrier approached the vehicle and asked the driver for his driver's license and registration. The driver was Louis A. Bates. Bates told the deputy his date of birth was February 2, 1959, and his Social Security Number was 309–68–5117. Bates "stated that he didn't have" a driver's license. (R. 38). The deputy informed Bates about the missing license plate light and advised Bates that "if he came back okay" from a records check, he would "warn him of his plate light and let him go." (R. 49). When the deputy "ran a routine check through central records," he learned Bates "had no license." (R. 43–44). Bates was then placed under arrest.[2]

An information charging Bates with operating a motor vehicle after license forfeited for life, a class C felony, was filed on January 12, 1994. Bates waived trial by jury, and the case was tried by the court on March 31, 1994. A copy of Bates' Official Driver Record from the Indiana Bureau of Motor Vehicles was admitted. The Record for Louis A. Bates, born February 2, 1959 and Social Security Number 309 68 5117, indicates his license had been suspended for life on March

1. Ind.Code 9–30–10–17.

2. Bates was also issued a citation for the missing license plate light.

20, 1992 for "Operating as HTV."[3] This lifetime suspension, identified as suspension number eleven, is attributed to an "operating as HTV" offense on July 20, 1991, charged as "court case no" 49F06–9107CF091456 and resulting in a March 20, 1992 conviction. Also admitted at trial, over Bates' objection as to relevance, were a plea agreement and a judgment of conviction of operating as HTV. The court found Bates guilty of operating a motor vehicle after his license was forfeited for life. Bates was sentenced to four years, with two years suspended and the remaining two to be served in a community correction program.

### DISCUSSION AND DECISION

1. *Admission of Evidence*

 The trial court is afforded wide latitude in ruling on the relevancy of evidence. *Hunter v. State* (1991), Ind., 578 N.E.2d 353, 357. According to our Rules of Evidence, relevant evidence is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind.Evidence Rule 401. The parallel perspective of the common law held evidence "relevant and thus admissible if it tends to prove or disprove a material fact or sheds any light on the guilt or innocence of the accused." *Brown v. State* (1985), Ind., 480 N.E.2d 938, 940. The trial court has discretion to determine the admissibility of evidence which is only marginally relevant. *Hunter, supra.* That evidence "only inconclusively connects the defendant to a crime goes to its weight ... not its admissibility." *Id.* "Trial court rulings based upon irrelevancy of evidence are reviewable only for an abuse of discretion." *Brown, supra.*

 Bates was charged with operating a motor vehicle after his license was forfeited for life. As indicated by the State, Bates' conviction required the State to:

3. An abbreviated reference to the felony of Habitual Traffic Violator.

have proven beyond a reasonable doubt that Defendant's driving privileges had been forfeited for life, and that Defendant had actual knowledge, or reasonably could have known that his driving privileges were forfeited, or that notice of the forfeiture had been mailed notifying Defendant of the determination. (citing *State v. Swayk* (1988), Ind.App., 531 N.E.2d 515; *Burdine v. State* (1987), Ind.App., 510 N.E.2d 1385.)

State's Brief at 5. We agree.[4] Therefore, we review to determine whether the admission of certain evidence constituted an abuse of discretion because the evidence was not relevant to what the State was required to prove.

### A. *Plea Agreement*

■ The State moved to admit an official certified copy of the plea agreement in Cause No. 91–091456, in which Bates pleaded guilty to being an Habitual Traffic Violator. Bates objected upon the basis of relevancy,[5] and argued that the exhibit was not sufficiently connected to the defendant. The agreement was admitted.

■ Bates claims the plea agreement is not relevant "because it does not have any tendency to make the existence of any material fact more probable or less probable than it would be without the evidence." Bates' Brief at 5. We disagree. The first page of the agreement is captioned "State of Indiana vs. Louis Bates" and bears Cause No. 91–091456 of Marion County Municipal Court, Criminal Division, Room 6. (R. 70A). The second page, beneath the heading "*PLEA AGREEMENT*," describes the agreement as being that "defendant will plead guilty to . . .

Count I HTV," and there will be a "lifetime" license suspension; it is dated March 20, 1992, and signed "Louis A. Bates." The evidence is relevant because it makes more probable the existence of the necessary material facts of Bates' license having been forfeited for life and of Bates having knowledge of that forfeiture. The connection to Bates was established in the colloquy between the court and the prosecutor confirming the congruent relationship between Cause No. 91–091456 in Marion County Municipal Court, Criminal Division, Room 6, and the Bureau of Motor Vehicle's record of Bates' lifetime suspension pursuant to his March 20, 1992, conviction in court case "49F06–9107CF091456." (R. 61C).

Admission of the plea agreement was not an abuse of discretion.

### B. *Order of Judgment and Conviction*

The State also moved to admit a certified copy of the Order of Judgment of Conviction in Cause No. 91–091456 in Municipal Court of Marion County, Room 6, captioned "State of Indiana vs. Louis Bates." Again Bates objected on relevancy grounds, arguing insufficient connection, that "there's no way to tie the second page to the" first page, and that the second page indicating the lifetime suspension gives "no Defendant's name" and "no Cause Number." (R. 63).

According to the first page of the order, in *State v. Bates* the defendant entered a plea of guilty, the court accepted the plea of guilty to class D felony Habitual Traffic Offender,[6] and the court entered judgment of conviction for same. The second page declares the defendant's sentence and a lifetime drivers

---

4. Bates repeatedly declares that the State had to prove "that Bates knew his driving privileges were forfeited *pursuant to I.C. 9–30–10–16.*" Bates' Brief at 5 (emphasis added). Neither *Stanek v. State* (1992), Ind.App., 587 N.E.2d 736, nor *Hancock v. State* (1992), Ind.App., 585 N.E.2d 1371, the two authorities upon which Bates relies, state that one charged with driving while privileges are suspended must know the suspension was pursuant to the specific statute.

5. In his brief, Bates claims that he "also objected . . . on the grounds that no proper foundation had been laid." Bates' Brief at 5. We find no such objection. When asked by the court about

his objection to the "Guilty Plea form," counsel for Bates responded that "it's a relevance objection." (R. 64). "A defendant may not state one reason for objection at trial and then rely upon another on appeal." *Ingram v. State* (1989), Ind., 547 N.E.2d 823, 829 (citations omitted).

6. Bates notes that "there is no such criminal offense in the State of Indiana." Bates' Brief at 6. In the present matter, we find the judgment's reference to the crime of "Habitual Traffic Offender" as a class D felony—rather than "Habitual Traffic Violator"—to have no bearing on the issue of whether Bates in 1994 knew he had no driving privileges.

license suspension, and is dated March 20, 1992. The relevance of this evidence is its tendency to show Bates' class D felony conviction for habitual traffic violations and his knowledge of the license suspension.

■ As to the connection between the order and Bates, we refer to our earlier discussion regarding the relationship of the cause numbers. The date of the order matches the conviction date shown on Bates' driving record from the Bureau of Motor Vehicles. We further note that the plea agreement, which we found properly admitted, bears the same cause number as that appearing on the order. Thus, the order is connected to Bates by both the Driver Record and its relationship to the plea agreement.

■ To connect the first page of the order to the second, we review the format of what is obviously a form. The first page identifies the defendant and prosecutor; provides for verification of the defendant's having entered a plea, the court's advising the defendant of certain matters, the court's confirming a factual basis for the plea, and the court's acceptance of the plea; the offense is specified by count and by class; then sentencing matters begin. The second page of the exhibit contains sections for sentencing by count, followed by additional sentencing provisions. As the State asserts, "it is clear from the nature of the document that the second page of the exhibit is a continuation of the first page." State's Brief at 7.

Admission of the order was not an abuse of discretion.

2. *Sufficiency of the Evidence*

■ Finally, Bates claims the evidence is insufficient to support his conviction. In reviewing a challenge to the sufficiency of the evidence, we consider:

only that evidence most favorable to the State, and all reasonable inferences drawn therefrom. We will not reweigh the evidence nor judge the credibility of the witnesses. We will not disturb the findings made by the trier of fact if we find that there is substantial evidence of probative value to support the conviction.

*Marshall v. State* (1993), Ind., 621 N.E.2d 308, 320 (citations omitted).

Bates was charged with and convicted of operating a motor vehicle after license forfeited for life, a class C felony.

A person who operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter commits a class C felony.

I.C. 9–30–10–17.

Bates first argues that the "only portion" of his Driver Record that "may be relevant" is the section stating:

SUSPENSION REASON: OPERATING AS HTV—LIFE
SUSP ID: 11
DETERMINED DATE: 03/20/92
BEGIN DATE: 03/20/92
END DATE: INDEF

Thus, according to Bates, "this portion of the driving record indicates an indefinite suspension, but does not indicate that his driving privileges are forfeited for life." Bates' Brief at 8. Inasmuch as the next page of the Driver Record provides the offense description for suspension # 11 (and other information described in FACTS) as "OPERATING AS HTV—LIFE," Bates' argument asks that we reweigh the evidence presented to the trier of fact. This we will not do.

■ Bates next refers us to *Burdine v. State* (1987), Ind.App., 510 N.E.2d 1385, for the proposition that an element of the offense of operating while a Habitual Traffic Violator is the operator's knowledge that his driving privileges had been suspended. We agree. However, Bates next moves to the holding of *Kinkade v. State* (1989), Ind.App., 537 N.E.2d 541, that the State must prove the Bureau of Motor Vehicles served notice of his license suspension upon the Habitual Violator. Bates states that "it is clear from the evidence presented that the State did not prove that Bates had been notified by the Bureau of Motor Vehicles that his driving privileges had been suspended...." Bates' Brief at 9. What distinguishes *Kinkade* from the case before us appears in the first sentence of its facts: "Kinkade was designated an habitual violator by the Indiana Bureau of Motor Vehicles...." *Id.* at 541. Bates' driving privileges were forfeited for life because he was convicted on March 20, 1992, of class D felony operating a motor vehicle while driving privileges suspended.

*Burdine*'s discussion of the knowledge element concludes by "requiring that the State show *either* that the defendant had actual knowledge that he had been adjudged an habitual offender *or* that notice of the impending suspension had been mailed by the" BMV to the defendant. *Burdine*, 510 N.E.2d at 1389 (emphasis added). Because Bates was convicted of the class D habitual traffic violator felony on March 20, 1992, after his guilty plea, his sentencing required he "be personally present at the time sentence is pronounced." Ind.Code 35-38-1-4. Thus, the reasonable inference is that Bates had actual knowledge of the forfeiture for life of his driving privileges, which was one of the provisions of his sentence, as well as of his conviction.

In further support of the conviction, the State refers us to Bates' own statement to the deputy that he did not have a license, allowing the trial court to reasonably infer the lifetime forfeiture and Bates' knowledge of same. Finally, we note that the legislature has provided that:

> [i]n a proceeding, prosecution, or hearing where the prosecuting attorney must prove that the defendant had a prior conviction for an offense under this [Motor Vehicle] title, the relevant portions of a certified computer printout made from the records of the bureau are admissible as prima facie evidence of the prior conviction. However, the prosecuting attorney must establish that the document identifies the defendant by the defendant's driving license number or by any other identification method utilized by the bureau.

I.C. 9-30-3-15. Bates identified himself to the deputy with information which was consistent with the driver record admitted as evidence.

The evidence of record is of sufficient probative value to sustain Bates' conviction for operating a motor vehicle after license forfeited for life.

Affirmed.

RILEY and ROBERTSON, JJ., concur.