## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Mark A. Thoma
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John A. Bridges, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 20, 2016

Court of Appeals Case No.
02A04-1507-CR-1046

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis

Trial Court Cause No.
02D04-1502-F2-5

**May, Judge.**

[1] John A. Bridges appeals his convictions of the following offenses:[1] Count I, dealing in cocaine or narcotic drug, a Level 2 felony;[2] Count II, dealing in cocaine or narcotic drug, a Level 4 felony;[3] Count IV, dealing in cocaine or narcotic drug, a Level 5 felony;[4] and Count V, dealing in cocaine or narcotic drug, a Level 5 felony.[5] Bridges argues the evidence was insufficient to convict him. We affirm.

## Facts and Procedural History

[2] On January 20, 2015, Emily Begnene made a controlled buy of heroin. She was acting as a confidential informant and was supervised by Detective Shane Heath of the Fort Wayne Police Department's Vice and Narcotics Division. Police drove Begnene to 3025 Plaza, Allen County. Begnene met Bridges and purchased over a gram of heroin from him. Bridges' girlfriend, Yolanda McGee, was present during the sale. The heroin purchased was a brown powdery substance.

[3] On January 30, 2015, Begnene made a second controlled buy of heroin, again supervised by Detective Heath. Police drove Begnene to meet Bridges at 814

---

[1] Bridges was also charged with possession of a firearm and dealing in marijuana. The State dismissed the firearm charge, and Bridges admitted he was guilty of dealing in marijuana.

[2] Ind. Code § 35-48-4-1 (2014).

[3] Ind. Code § 35-48-4-1(c) (2014).

[4] Ind. Code § 35-48-4-1(a)(1) (2014).

[5] Ind. Code § 35-48-4-1(a)(1) (2014).

Lake Avenue, Apartment 3, Allen County, where Bridges and McGee resided. McGee was also present during this controlled buy. The heroin purchased was a grayish-blue substance. After this buy, police brought Begnene back to the station, where she identified Bridges in a photo array as the person from whom she had purchased heroin on both occasions.

[4] Based on the controlled buys, Detective Heath obtained a search warrant to search Bridges' apartment at 814 Lake Avenue. Bridges and McGee lived at the apartment, but were not listed on the lease. The legal tenant was Christina Sims, who allowed Bridges to live at the apartment in exchange for drugs and rent payment.

[5] On February 3, 2015, Fort Wayne police executed the search warrant. After police breached the door, Bridges and McGee exited the apartment. Bridges was wearing only boxer shorts, so he asked Detective Heath to bring him his pants from a chair in the living room. Detective Heath found Bridges' wallet, identification, and $1,300.00 in cash in the pants' pocket. On the same chair, police discovered a size 5X hoodie jacket, which was proportional to the size of Bridges' pants. Police found in the pocket of the jacket a baggie containing substances determined to be cocaine and heroin. The drugs were packaged in a manner common for distribution.

[6] The search also uncovered other incriminating items. A container of plastic baggies and a scale that tested positive for cocaine residue were found in a desk

drawer.[6]  Three clear plastic baggies were found with the corners removed. Detectives found a total of 90.8 grams of marijuana in a baggie in the bathroom toilet bowl and in a jar beside the chair where the other drugs and clothing were found.  A loaded firearm was found under the mattress in the bedroom where Bridges had been sleeping.  Detective Jamie Masters found a smartphone with a telephone number corresponding to the number Begnene had called to set up both controlled buys from Bridges.

[7]  On February 9, 2015, the State charged Bridges with Count I, dealing in cocaine or narcotic drug, a Level 2 felony; Count II, dealing in cocaine or narcotic drug, a Level 4 felony; Count III, unlawful possession of a firearm by serious violent felon, a Level 4 felony;[7] Count IV, dealing in cocaine or narcotic drug, a Level 5 felony; Count V, dealing in cocaine or narcotic drug, a Level 5 felony; and Count VI, dealing in marijuana, hash oil or hashish, a Level 6 felony.[8]

[8]  A bench trial was held on June 16 and 17, 2015.  The State dismissed the possession of a firearm charge.  During closing argument, Bridges admitted he was guilty of dealing in marijuana.  The trial court found Bridges guilty of the

[6] At trial, Detective Tina Blackburn testified to the significance of the baggies and the scale found in the desk drawer, indicating it is common for scales to be used to weigh drugs before packaging and for drugs to be packaged in plastic baggies.

[7] Ind. Code § 35-47-4-5 (2014).

[8] Ind. Code § 35-48-4-10 (2014).

remaining Counts and sentenced Bridges to a total of twenty years of incarceration.

# Discussion and Decision

Bridges argues the evidence is insufficient to support his convictions for two reasons. First, he challenges Begnene's credibility and the validity of her testimony regarding the two controlled buys. Second, he claims the evidence of the heroin and cocaine found in the apartment was "circumstantial at best" and "simply too tenuous" to support his other two convictions. (Appellant's Br. at 13.) The evidence is sufficient to support all of his convictions.

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We affirm the judgment unless no reasonable trier of fact could find the elements of the crime proven beyond a reasonable doubt. *Id*. Evidence need not overcome every reasonable hypothesis of innocence and is sufficient if reasonable inferences may be drawn from it to support the conviction. *Id*. at 147. We do not reweigh the evidence or judge the credibility of witnesses. It is the fact-finder's role, not that of this court, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. at 146.

## *Dealing Convictions for Sales to Begnene*

Bridges maintains that he "did not knowingly or intentionally deliver heroin to the confidential informant on January 20th or 30th, 2015 . . . ." (Br. of Appellant

at 17.) To convict Bridges, the State was required to prove Bridges delivered heroin to Begnene on those two dates. *See* Ind. Code § 35-48-4-1(a)(1).

[12] Bridges challenges Begnene's credibility. At Bridges' bench trial, the trial court had the opportunity to observe Begnene testify under direct and cross examination. The court noted it had presided over many cases involving confidential informants and explicitly found Begnene was credible. Our standard of review prohibits us from reassessing the court's determination. *See Drane*, 867 N.E.2d at 146 (appellate court does not reassess witness credibility).

[13] There was sufficient evidence to convict Bridges of Counts IV and V, dealing in cocaine or a narcotic drug as Level 5 felonies. He asserts "it is reasonable to infer that McGee, and not Bridges, could have delivered the heroin to Begnene." (Br. of Appellant at 17.) The State presented ample evidence to the contrary and we may not reweigh it. Begnene testified Bridges was the man from whom she purchased heroin during both controlled buys. Furthermore, she identified Bridges from a photo array as the man who sold her heroin. "[T]he sole uncorroborated testimony of the informant-buyer is sufficient to convict . . . ." *Hudson v. State*, 462 N.E.2d 1077, 1083 (Ind. Ct. App. 1984).

### *Dealing Convictions for Drugs in Hoodie*

[14] In order to convict Bridges of Count I, dealing in cocaine or other narcotic drug, a Level 2 felony, the State was required to prove that Bridges knowingly or intentionally possessed with the intent to deliver cocaine in the amount of ten (10) grams or more. *See* Ind. Code § 35-48-4-1(e). To convict Bridges of

Count II, dealing in cocaine or other narcotic drug, a Level 4 felony, the State was required to prove that Bridges knowingly or intentionally possessed with the intent to deliver heroin in an amount between one and five grams. *See* Ind. Code § 35-48-4-1(c).

[15] Bridges maintains that he "did not knowingly or intentionally . . . possessed [sic] cocaine or heroin on February 3, 2015." (Br. of Appellant at 17.) He argues that while the hoodie jacket containing the cocaine and heroin were found near his pants, there was "no evidence introduced to tie the hoodie or the drugs found in it to Mr. Bridges, no DNA, no hair samples, the size of the hoodie, compared to Mr. Bridges, and no fingerprints on the plastic bags containing the drugs." (*Id*. at 13.)

[16] We acknowledge "[t]he mere presence at the scene of a crime is insufficient to sustain a conviction." *Hunter v. State*, 578 N.E.2d 353, 358 (Ind. 1991), *reh'g denied*. "However, presence at the scene connected with other facts and circumstances tending to show participation will support a conviction." *Id*. Here, when the search warrant was executed, Bridges directed the police to a chair in the living room to retrieve his pants. Detective Heath found $1,300.00 in cash in Bridges' pants, yet Bridges said he was unemployed at the time. On the same chair, a size 5X hoodie jacket proportional to the size of the pants was found. The jacket pocket contained cocaine and the same two types of heroin that Begnene previously purchased from Bridges. Other paraphernalia indicative of distribution were also found in the apartment. Bridges' presence at

the apartment, together with Begnene's testimony and the discovery of the phone used to set up the drug sales, is enough to support Bridges' convictions.

[17] Bridges invites us to speculate that "the hoodie and the drugs could have belonged to the actual legal tenant of the apartment – Christina Sims." (Br. of Appellant at 18.) This is merely an invitation to reinterpret and reweigh the evidence. *See Sharp v. State*, 42 N.E.3d 512, 514 (Ind. 2015) (court is forbidden from reweighing evidence). Our role is not to consider other reasonable inferences that could have been drawn from the evidence. *See Drane*, 867 N.E.2d at 146. Rather, when reviewing the sufficiency of the evidence to support a conviction, we consider "only the probative evidence and reasonable inferences *supporting* the [conviction]." *Drane,* 867 N.E.2d at 146 (emphasis in original). The evidence presented and the reasonable inferences therefrom support Bridges' convictions for Counts I and II.

# Conclusion

[18] There is sufficient evidence to support Bridges' convictions for dealing in cocaine or narcotic drugs. We affirm.

[19] Affirmed.

Najam, J., and Riley, J., concur.